**Eusebio LOREDO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–01–078–CR.**

Court of Appeals of Texas, Waco.

Jan. 8, 2003.

Opinion Withdrawing Original Concurring Opinion,
Dissenting from Majority Opinion and Dissenting from
Overruling of Rehearing April 23, 2003.

Stan Schwieger, Waco, for appellant.

John Segrest, McLennan County Dist. Atty., Waco, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

BILL VANCE, Justice.

Eusebio Loredo was indicted on three counts of sexually molesting a child. TEX. PEN.CODE. ANN. § 22.021 (Vernon Supp. 2002). A jury convicted him on each count and assessed thirty-year sentences. The State filed a motion that the three sen-tences run consecutively, which the court granted. *Id.* § 3.03 (Vernon Supp.2002).

On appeal, Loredo raises three issues:

1. A venire member could not consider community supervision as a possible punishment, and the court erred by not granting a motion to strike the member for cause.

2. Defense counsel was ineffective by not requesting notice from the State of its intent to present, during the punishment phase, evidence of ex-traneous acts.

3. The statute authorizing consecutive sentences is unconstitutional, be-cause it improperly delegates a leg-islative power to the judicial branch.

We will reverse the judgment based on the first issue.

### Analysis

The record supports, and the State does not dispute, that Loredo prop-erly preserved, under *Johnson v. State,* his complaint for harmful error, if there was error. *Johnson v. State,* 43 S.W.3d 1, 5–7 (Tex.Crim.App.2001) (applying TEX.R.APP. P. 44.2(b)). Those steps are that the de-fendant: (1) exercised a peremptory chal-lenge on a venire member whom the trial court should have excused for cause; (2) exhausted his peremptory challenges; (3) was denied a request for an additional peremptory challenge; and (4) identified an objectionable venire member who sat on the case who he would have struck otherwise. *Id.* at 5–6. Therefore, the question is whether the court erred by refusing to strike the venire member for cause. If there was error, a reversal fol-lows. *Id.* at 6–7.

During voir dire, the court engaged the venire panel in a lengthy colloquy. In one part, the court examined the venire mem-bers about whether they could consider, in any case involving child sex abuse, the

various punishments possible in Loredo's trial, including community supervision. None of the members said they could not consider any of these options. But when defense counsel questioned the venire panel, this exchange occurred with one member:

ATTY: Do you feel that probation is appropriate in some situations that involve aggravated sexual assault of a child?

MEMBER: Do I think that?

ATTY: Probation could be appropriate in some situations?

MEMBER: I would rather have to consider the situation because personally I feel that sexual perpetrators are very hard to rehabilitate.

ATTY: Well, then I guess the next question I have to ask you is—and I will tell you the law says that you really ought not to be a juror on a particular case if you automatically rule out one of the punishment objectives. And my question is in your mind do you feel realistically that you have ruled out probation as a punishment option?

MEMBER: If he is convicted of this aggravated assault?

ATTY: Yes, ma'am.

MEMBER: Yes.

ATTY: Okay. And so, considering that would not be an option if you were on a jury and found somebody guilty of that?

MEMBER: Yes.

The State did not rehabilitate the member.

After defense counsel concluded his voir dire, the court called four venire members into chambers for individual examination, but the member in question was not among them. At the conclusion of these examinations, defense counsel moved to strike the member for cause because she could not consider community supervision as a possible punishment. The motion was denied. This exchange occurred:

ATTY: Your Honor, the defendant at this time would move the court for an additional peremptory challenge. We are required to use a strike on [the venire member in question] who we had moved to strike for cause and that motion was denied. And we have at least one additional strike we would like to make.

COURT: My recollection of [the venire member in question] is that while she did tell you at one time that probation would not be a possible punishment in her mind that when I asked her a question she recanted and said that she would. Does anybody disagree with that? Or have I screwed the numbers up again?

STATE: She did say something about probation being an appropriate consideration.

COURT: And I recognize that she did not say that in response to you. So the ruling is the same.

The record does not show that the court ever questioned this venire member. But the court did speak with another member who, after being questioned by the court, changed her mind about whether she could consider community supervision; she ultimately said it would depend on the evidence.

A defendant is entitled to have only jurors who will consider the full range of punishment applicable to the offense with which he is charged. *Johnson v. State*, 982 S.W.2d 403, 405–06 (Tex.Crim. App.1998) (citing TEX.CODE CRIM. PROC. ANN. art. 35.15 (Vernon 1989 & Supp. 2002)). As a matter of law, if a venire member cannot do that, the court abuses

its discretion by denying a challenge for cause as to that member. *Id.* at 406.

In *Brantley v. State*, we concluded that it was error for the trial judge not to grant challenges for cause against venire members who could not consider community supervision as an option to be considered in assessing punishment against the defendant if it convicted him. *Brantley v. State*, 48 S.W.3d 318, 326–27 (Tex. App.-Waco 2001, pet ref'd); *cf. Speth v. State*, 6 S.W.3d 530, 532 (Tex.Crim.App. 1999) (community supervision is not part of the "sentence"). We now hold that, for purposes of testing a venire member's inability or unwillingness to consider the "full range of punishment," community supervision is part of punishment. *Johnson*, 982 S.W.2d at 406. Our conclusion is supported by the legislative directive that prospective jurors may be challenged for cause if they have "a bias or prejudice against any of the law applicable to the case upon which the defense is entitled to rely, either as a defense to some phase of the offense for which the defendant is being prosecuted or as a mitigation thereof or of *the punishment* therefor." TEX.CODE CRIM. PROC. ANN. art 35.16(c)(2) (Vernon Supp.2002) (emphasis added). In addition, when the court, rather than the jury, assesses punishment, the court's "arbitrary refusal to consider the entire range of punishment would constitute a denial of due process. . . ." *McClenan v. State*, 661 S.W.2d 108, 110 (Tex.Crim.App.1983) (involving consideration of probation); *see also Burke v. State*, 930 S.W.2d 230, 234 (Tex.App.-Houston [14th Dist.] 1996, pet. ref'd); *Cole v. State*, 757 S.W.2d 864, 866 (Tex.App.-Texarkana 1988, pet. ref'd) (citing *McClenan*).

Twice, the venire member in question unequivocally said she could not consider community supervision. As a matter of law, the court abused its discretion in not granting the motion to strike her. We sustain issue one.

### Other Issues

Because of our resolution of the first issue, we do not decide the remaining two.

### Conclusion

We reverse the judgment and remand the cause for a new trial.

TOM GRAY, Justice, dissenting and dissent from denial of motion for rehearing.

After considering the State's motion for rehearing, I withdraw my original concurring opinion dated January 8, 2003, and incorporate it here in this dissenting opinion and dissent to the denial of the State's motion.

What the majority refuses to reconsider, and what I overlooked in my previous concurring opinion, is a fundamental principle of error preservation: that the trial court must be made aware of a complaint at a time and in a manner that it can be corrected. *See* TEX.R.APP. P. 33.1. Here, the trial court gave Loredo ample opportunity to correct its assessment of the juror Loredo sought to challenge. In response to Loredo's challenge, the court said:

> My recollection . . . is that while she did tell you at one time that probation would not be a possible punishment in her mind that when I asked her a question she recanted and said that she would. Does anybody disagree with that? Or have I screwed the numbers up again?

Loredo's counsel said nothing.

The Court of Criminal Appeals has said:

> A counsel's statement about an occurrence in the courtroom, which was made for the purposes of the record, recorded by the court reporter, undisputed by the opposing counsel, and unquestioned and unqualified by the judge in whose pres-

ence the statement was made, establishes the occurrence for purposes of the appellate record. *Yarborough v. State,* 947 S.W.2d 892, 895 (Tex.Crim.App. 1997) (citing *Hicks v. State,* 525 S.W.2d 177 (Tex.Cr.App.1975)).

It would be illogical for this not to apply to the trial court's statements as well. But if one would take issue with that reasoning, Loredo did not dispute the prosecutor's statement that, "[s]he did say something about probation being an appropriate consideration."

The mistake made by the trial court and the prosecutor is similar to a mistake made by a prosecutor when reciting race neutral reasons for a peremptory strike in the wake of a *Batson*[1] challenge. *See Ford v. State,* 1 S.W.3d 691 (Tex.Crim. App.1999). In *Ford,* the appellate court reversed the trial court because it determined no facts in the record supported the race-neutral reasons given by the State. *Id.* at 693. When confronted with a *Batson* challenge, the prosecutor stated that she struck a particular juror because the juror knew the defendant's mother. *Id.* at 692. The defendant did not take issue with that statement. It was revealed on appeal that the prosecutor questioned another juror about knowing the defendant's mother, not the juror who was the subject of the *Batson* challenge. *Id.* at 692–693. The State maintained that the prosecutor's statement was an "honest mistake." *Id.* at 693. In reversing the appellate court, the Court of Criminal Appeals noted that the reason for striking the juror was uncontradicted and facially plausible. *Id.*

Just as in *Ford,* the trial court in this cause believed the challenged juror had been rehabilitated. The trial court was mistaken. But no one disputed the court's recollection even when given an opportunity to do so. Loredo should not be allowed to claim on appeal that the trial court erred when counsel took no effort to give the trial court the opportunity to correct its recollection of events.

Accordingly, because Loredo failed to preserve the issue for review, I would overrule it. Because the majority does not, I respectfully dissent. Additionally, because the majority refuses to require a response and to address the issue raised in the State's motion for rehearing, I respectfully dissent from the denial of the motion for rehearing.

Additionally, as noted originally in the concurring opinion, without adequate analysis, the majority purports to hold that community supervision is within the range of punishment to be considered by a juror. This holding has already been made by the Court of Criminal Appeals. *See Satterwhite v. State,* 858 S.W.2d 412, 418 (Tex. Crim.App.1993); *Williams v. State,* 773 S.W.2d 525, 536 (Tex.Crim.App.1988); and *Pierce v. State,* 696 S.W.2d 899, 902 (Tex. Crim.App.1985) (*overruled on other grounds,* 757 S.W.2d 744 (Tex.Crim.App. 1988)). There is no need for the majority to make a holding when there is precedent by which we are bound.

There is also no need to cite case authority to support the majority's "holding" that does not actually support the proposition stated. *See, e.g. Johnson v. State,* 982 S.W.2d 403 (Tex.Crim.App.1998)(not a probation case) and *McClenan v. State,* 661 S.W.2d 108 (Tex.Crim.App.1983)(statement was dicta and not necessary to resolve recusal issue).

Although we are bound by the prior decisions of the Court of Criminal Appeals, I believe there is a substantial question regarding whether community supervision is actually punishment and must, there-

---

**1.** *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

fore, be within the range of punishment that a juror must be able to consider. In light of more recent cases such as *Speth* and *Ex parte Williams*, in which the Court of Criminal Appeals has clearly stated that community supervision is **not** part of a sentence, the question of whether community supervision is punishment ought to be reexamined. *See Speth v. State*, 6 S.W.3d 530, 532 (Tex.Crim.App.2000); *Ex parte Williams*, 65 S.W.3d 656, 657 (Tex.Crim. App.2001).