IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 1075-03






EUSEBIO LOREDO, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE TENTH COURT OF APPEALS


MCLENNAN COUNTY






 Holcomb, J., delivered the opinion of the Court, in which Keller, P.J., Keasler,
Hervey, Womack, Cochran, Price, JJ., join. Meyers, J., concurs. Johnson, J., dissents.


O P I N I O N 




 We granted the State's petition for discretionary review to determine whether the Court
of Appeals erred in addressing the merits of appellant's claim regarding one of appellant's
challenges for cause. Appellant stood mute in the face of the court stating erroneous facts as
the basis for the denial and requesting correction if necessary before denying appellant's
request for an additional peremptory strike.

 During voir dire, the court examined the venire panel on the range of punishment,
including asking whether the members could consider probation in an aggravated sexual assault. 
Not one of the members responded that he or she could not consider probation. 

 The State then also examined the panel on the range of punishment and specifically asked
whether there was anyone who could not consider probation for this type of offense regardless
of what the facts were. Again, no one responded. The State told them their silence was taken
to mean they could consider the entire range of punishment. 

 When defense counsel questioned the venire panel and questioned individual members
regarding their ability to consider probation for the charged offense, this exchange occurred
with venire member Band:

 Defense: Do you feel that probation is appropriate in some situations that involve
aggravated sexual assault of a child? ...


 Band: Do I think that?


 Defense: Probation could be appropriate in some situations?


 Band: I would rather have to consider the situation because personally I feel that
sexual perpetrators are very hard to rehabilitate.


 Defense: Well, then I guess the next question I have to ask you is - and I will tell
you the law says that you really ought not to be a juror on a particular case if you
automatically rule out one of the punishment objectives. And my question is in
your mind do you feel realistically that you have ruled out probation as a
punishment option?


 Band: If he is convicted of this aggravated sexual assault?


 Defense: Yes, ma'am.


 Band: Yes.


 Defense: Okay. And so, considering that would not be an option if you were on
a jury and found somebody guilty of that?


 Band: Yes.

 After defense counsel concluded his voir dire, the court called four venire members into
chambers for individual examination. Band was not among them. Of another member who had
said probation would not be an option, the trial court said, "You guys tell me if it makes any
sense to bring [him] in when he can't consider probation. You are going to challenge him." 

 At the conclusion of these examinations, the State asked whether the Court was going
to give the State an opportunity to rehabilitate five prospective jurors, including Band, who had
not been called into chambers. Each had told the State by their silence, when asked who could
not consider probation, that they could consider probation, and each had then told the defense
attorney that they could not. The Court said "No. Because when we go back and forth the other
way, it is going to be the other way. It is who talked last." 

 Defense counsel challenged for cause, "for inability to consider probation," four of the
five prospective jurors the State had named in requesting an opportunity to rehabilitate,
including Band. The trial court granted three of the challenges, but denied defendant's challenge
regarding Band, without further discussion. After the challenges for cause were concluded and
the State and Defense made their peremptory strikes, this exchange occurred:

 Defense: Your Honor, the defendant at this time would move the Court for an
additional peremptory challenge. We are required to use a strike on [Band] who
we had moved to strike for cause and that motion was denied. And we have at
least one additional strike we would like to make.


 Court: My recollection of Mrs. Band is that while she did tell you at one time
that probation would not be a possible punishment in her mind that when I asked
her a question she recanted and said that she could. (1) Does anybody disagree with
that? Or have I screwed the numbers up again? (2) 


 Prosecutor: She did say something about probation being an appropriate
consideration.


 Court: And I recognize that she did not say that in response to you. So the ruling
is the same. Your request for additional peremptory is denied.

 

 Appellant did not express doubt or disagreement with the court's statement of the facts
on which the court was basing its decision to deny the additional peremptory strike. Appellant
responded by naming which prospective juror the defense would have stricken had the court
granted the additional peremptory strike, noting that the particular venire member was slated
to serve on the jury. 

 On appeal, appellant challenged the trial court's denial of his challenge for cause
regarding venire member Band.

 In reversing the trial court, the Court of Appeals concluded that appellant had preserved
error because he (1) exercised a peremptory challenge on a venire member whom the trial court
should have excused for cause; (2) exhausted his peremptory challenges; (3) was denied an
additional peremptory challenge; and (4) identified an objectionable venire member who sat on
the jury whom he would have struck otherwise. Loredo v. State, 107 S.W.3d 36 (Tex. App.-
Waco 2003). In a dissent, Justice Gray argued, inter alia, that the trial court must be made
aware of a complaint at a time and in a manner that it can be corrected. See Tex. R. App. Proc.
33.1. Thus the issue was not preserved because the trial court gave appellant ample opportunity
to correct its erroneous assessment of the juror appellant sought to challenge. Instead,
appellant stood silent. Loredo, 107 S.W.3d at 39.

 The record, excluding the trial court's statement that Band had been rehabilitated,
supports appellant's claim that venire member Band should have been struck for cause because
of her inability to consider the full range of punishment. The record also indicates that if the
trial court had been informed he was wrong about Band having been rehabilitated, that the trial
court would have granted the challenge for cause as it did with the other three venire members
that the court excused for cause for the same reason. If the facts were as the trial court stated
them, the trial court's ruling may not have been erroneous, as the juror would have been
vacillating. 

 The Court of Appeals' majority was correct that appellant fulfilled the steps set out in
Johnson v. State, 43 S.W.3d 1, 5-7 (Tex. Crim. App. 2001), for preservation of error regarding
denial of a challenge for cause. However, in limiting its preservation analysis to the procedures
required by Johnson, the Court of Appeals ignored a fundamental principle of error
preservation: that the trial court must be made aware of a complaint at a time and in a manner
so that it can be corrected. See Tex. R. App. P. 33.1. 

 Preservation of error is not merely a technical procedural matter by which appellate
courts seek to overrule points of error in a cursory manner. Fairness to all parties requires a
party to advance his complaints at a time when there is an opportunity to respond or cure them. 
See generally Young v. State, 826 S.W.2d 141, 149 (Tex. Crim. App. 1991)(Campbell, J.,
dissenting).

 The Court of Appeals disregarded the fact that the trial court's ruling was based not on
the record but on the judge's erroneous recollection, which was stated on the record explicitly
for the parties to correct, if necessary. Viewing the record on appeal, the Court of Appeals was
able to see that such correction was necessary, but, without recognizing counsel's burden to
draw the trial court's attention to the error so that the trial court may have the opportunity to
make an error free ruling, the Court of Appeals ignores the appellant's failure to make such
correction. The defense attorney said nothing to cast doubt on the trial court's recollection of
events. Nor did the defense attorney respond to the prosecutor's statement that Band had said
that she could consider probation, which, in so far as it referred to her silence in response to
the trial court's and the prosecutor's questions whether there was anyone who could not
consider probation, was not only inaccurate, but applied equally to those other venire members
the trial court had excused for cause because they could not consider probation. 

 The trial court had no obligation to grant appellant's request for additional peremptory
strikes unless appellant first showed his challenge for cause should have been granted. 

 Just as in Ford v. State, 1 S.W.3d 691, 693 (Tex. Crim. App. 1999), where the defendant
failed to correct a factually incorrect statement made by the prosecutor during a Batson
challenge, the defendant failed to correct the trial court's erroneous statement and therefore
failed to meet his burden to show the trial court that his challenge for cause should have been
granted. The trial court believed the challenged juror had been rehabilitated. The trial court was
mistaken, but appellant failed to dispute the court's recollection even when invited to do so. 
Thus, appellant's silence resulted in his failure to inform the trial court of his complaint at a
time and in a manner that it could be corrected, in violation of the basic requirements of Texas
Rule of Appellate Procedure 33.1. 

 For the reasons given, the judgment of the Court of Appeals is reversed and the cause
is remanded to that court so that it may address appellant's remaining points of error.


DELIVERED: April 7, 2004

PUBLISH

1. The record does not show that the court ever questioned Band individually. The
issue of probation came up only once during the trial court's questioning of the four venire
members in chambers. After being questioned regarding her personal experience with
sexual assault, one venire member changed her answer about whether she could consider
probation, saying she had not spoken up when the Prosecutor asked if there was anyone who
could not consider probation because she did not want to talk about it in front of the group. 
That venire member was excused. 
2. Two venire members were mistakenly called into chambers for further questioning
because, in its note taking, the Court had written down the wrong venire numbers. The
mistake was discovered and the correct venire members were questioned.