Eusebio **LOREDO**, Appellant,

v.

The **STATE** of Texas.

No. 1075–03.

Court of Criminal Appeals of Texas.

April 7, 2004.

Rehearing Denied June 16, 2004.

Stan Schwieger, Waco, for appellant.

Christy Barber, Asst. Dist. Atty., Waco, Matthew Paul, State's Attorney, Austin, for state.

## OPINION

HOLCOMB, J., delivered the opinion of the Court, in which KELLER, P.J., KEASLER, HERVEY, WOMACK, COCHRAN, PRICE, JJ., join.

We granted the State's petition for discretionary review to determine whether the Court of Appeals erred in addressing the merits of appellant's claim regarding one of appellant's challenges for cause. Appellant stood mute in the face of the court stating erroneous facts as the basis for the denial and requesting correction if necessary before denying appellant's request for an additional peremptory strike.

During voir dire, the court examined the venire panel on the range of punishment, including asking whether the members could consider probation in an aggravated sexual assault. Not one of the members responded that he or she could not consider probation.

The State then also examined the panel on the range of punishment and specifically asked whether there was anyone who could not consider probation for this type of offense regardless of what the facts were. Again, no one responded. The State told them their silence was taken to mean they could consider the entire range of punishment.

When defense counsel questioned the venire panel and questioned individual members regarding their ability to consider probation for the charged offense, this exchange occurred with venire member Band:

Defense: Do you feel that probation is appropriate in some situations that involve aggravated sexual assault of a child? . . .

Band: Do I think that?

Defense: Probation could be appropriate in some situations?

Band: I would rather have to consider the situation because personally I feel that sexual perpetrators are very hard to rehabilitate.

Defense: Well, then I guess the next question I have to ask you is—and I will tell you the law says that you really ought not to be a juror on a particular case if you automatically rule out one of the punishment objectives. And my question is in your mind do you feel realistically that you have ruled out probation as a punishment option?

Band: If he is convicted of this aggravated sexual assault?

Defense: Yes, ma'am.

Band: Yes.

Defense: Okay. And so, considering that would not be an option if you were on a jury and found somebody guilty of that?

Band: Yes.

After defense counsel concluded his voir dire, the court called four venire members into chambers for individual examination. Band was not among them. Of another member who had said probation would not be an option, the trial court said, "You guys tell me if it makes any sense to bring [him] in when he can't consider probation. You are going to challenge him."

At the conclusion of these examinations, the State asked whether the Court was going to give the State an opportunity to rehabilitate five prospective jurors, including Band, who had not been called into chambers. Each had told the State by their silence, when asked who could not consider probation, that they could consider probation, and each had then told the defense attorney that they could not. The Court said "No. Because when we go back and forth the other way, it is going to be the other way. It is who talked last."

Defense counsel challenged for cause, "for inability to consider probation," four of the five prospective jurors the State had named in requesting an opportunity to rehabilitate, including Band. The trial court granted three of the challenges, but denied defendant's challenge regarding Band, without further discussion. After the challenges for cause were concluded and the State and Defense made their peremptory strikes, this exchange occurred:

Defense: Your Honor, the defendant at this time would move the Court for an additional peremptory challenge. We are required to use a strike on [Band] who we had moved to strike for cause and that motion was denied. And we have at least one additional strike we would like to make.

Court: My recollection of Mrs. Band is that while she did tell you at one time that probation would not be a possible punishment in her mind that when I asked her a question she recanted and said that she could.[1] Does anybody disagree with that? Or have I screwed the numbers up again?[2]

1. The record does not show that the court ever questioned Band individually. The issue of probation came up only once during the trial court's questioning of the four venire members in chambers. After being questioned regarding her personal experience with sexual assault, one venire member changed her answer about whether she could consider probation, saying she had not spoken up when the Prosecutor asked if there was anyone who could not consider probation because she did not want to talk about it in front of the group. That venire member was excused.

2. Two venire members were mistakenly called into chambers for further questioning because, in its note taking, the Court had written down the wrong venire numbers. The

Prosecutor: She did say something about probation being an appropriate consideration.

Court: And I recognize that she did not say that in response to you. So the ruling is the same. Your request for additional peremptory is denied.

Appellant did not express doubt or disagreement with the court's statement of the facts on which the court was basing its decision to deny the additional peremptory strike. Appellant responded by naming which prospective juror the defense would have stricken had the court granted the additional peremptory strike, noting that the particular venire member was slated to serve on the jury.

On appeal, appellant challenged the trial court's denial of his challenge for cause regarding venire member Band.

In reversing the trial court, the Court of Appeals concluded that appellant had preserved error because he (1) exercised a peremptory challenge on a venire member whom the trial court should have excused for cause; (2) exhausted his peremptory challenges; (3) was denied an additional peremptory challenge; and (4) identified an objectionable venire member who sat on the jury whom he would have struck otherwise. *Loredo v. State,* 107 S.W.3d 36 (Tex.App.Waco 2003). In a dissent, Justice Gray argued, *inter alia,* that the trial court must be made aware of a complaint at a time and in a manner that it can be corrected. See Tex.R.App. Proc. 33.1. Thus the issue was not preserved because the trial court gave appellant ample opportunity to correct its erroneous assessment of the juror appellant sought to challenge. Instead, appellant stood silent. *Loredo,* 107 S.W.3d at 39.

The record, excluding the trial court's statement that Band had been rehabilitat-ed, supports appellant's claim that venire member Band should have been struck for cause because of her inability to consider the full range of punishment. The record also indicates that if the trial court had been informed he was wrong about Band having been rehabilitated, that the trial court would have granted the challenge for cause as it did with the other three venire members that the court excused for cause for the same reason. If the facts were as the trial court stated them, the trial court's ruling may not have been erroneous, as the juror would have been vacillating.

■ The Court of Appeals' majority was correct that appellant fulfilled the steps set out in *Johnson v. State,* 43 S.W.3d 1, 5–7 (Tex.Crim.App.2001), for preservation of error regarding denial of a challenge for cause. However, in limiting its preservation analysis to the procedures required by *Johnson,* the Court of Appeals ignored a fundamental principle of error preservation: that the trial court must be made aware of a complaint at a time and in a manner so that it can be corrected. See Tex.R.App. P. 33.1.

■ Preservation of error is not merely a technical procedural matter by which appellate courts seek to overrule points of error in a cursory manner. Fairness to all parties requires a party to advance his complaints at a time when there is an opportunity to respond or cure them. *See generally Young v. State,* 826 S.W.2d 141, 149 (Tex.Crim.App.1991)(Campbell, J., dissenting).

■ The Court of Appeals disregarded the fact that the trial court's ruling was based not on the record but on the judge's erroneous recollection, which was stated on the record explicitly for the parties to correct, if necessary. Viewing the record

mistake was discovered and the correct venire members were questioned.

on appeal, the Court of Appeals was able to see that such correction was necessary, but, without recognizing counsel's burden to draw the trial court's attention to the error so that the trial court may have the opportunity to make an error free ruling, the Court of Appeals ignores the appellant's failure to make such correction. The defense attorney said nothing to cast doubt on the trial court's recollection of events. Nor did the defense attorney respond to the prosecutor's statement that Band had said that she could consider probation, which, in so far as it referred to her silence in response to the trial court's and the prosecutor's questions whether there was anyone who could not consider probation, was not only inaccurate, but applied equally to those other venire members the trial court had excused for cause because they could not consider probation.

The trial court had no obligation to grant appellant's request for additional peremptory strikes unless appellant first showed his challenge for cause should have been granted.

Just as in *Ford v. State*, 1 S.W.3d 691, 693 (Tex.Crim.App.1999), where the defendant failed to correct a factually incorrect statement made by the prosecutor during a *Batson* challenge, the defendant failed to correct the trial court's erroneous statement and therefore failed to meet his burden to show the trial court that his challenge for cause should have been granted. The trial court believed the challenged juror had been rehabilitated. The trial court was mistaken, but appellant failed to dispute the court's recollection even when invited to do so. Thus, appellant's silence resulted in his failure to inform the trial court of his complaint at a time and in a manner that it could be corrected, in violation of the basic requirements of Texas Rule of Appellate Procedure 33.1.

For the reasons given, the judgment of the Court of Appeals is reversed and the cause is remanded to that court so that it may address appellant's remaining points of error.

MEYERS, J., concurs.

JOHNSON, J., dissents.