Affirmed and Memorandum Opinion of March 30, 2004 Withdrawn; and
Substituted Memorandum Opinion filed September 2, 2004









Affirmed
and Memorandum Opinion of March 30, 2004 Withdrawn; and Substituted Memorandum
Opinion filed September 2, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00501-CR

____________

 

MICHAEL DAVID BUCKHOUT, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

 

On Appeal from the County Court

Grimes County, Texas

Trial Court Cause No. 16,808

 

 

 

S U B S T I T U T E D   M E M O R
A N D U M   O P I N I O N

We withdraw our memorandum opinion of March 30,
2004, and issue this substituted memorandum opinion in its place. 








Appellant Michael Buckhout appeals a misdemeanor conviction
for driving while intoxicated (“DWI”). 
In his first issue, appellant contends the trial court erred in denying
his challenges for cause against jurors who, appellant claims, stated they
could not consider the minimum punishment provided by law for the offense
charged.  Appellant also asserts that because his challenges were denied,
his right to due process, effective assistance of counsel, and an impartial
jury were denied.  We affirm.

I. 
Factual Background

Our factual summation is limited to voir dire, as
it forms the basis for this appeal. 
During voir dire, the State correctly informed the venire members[1]
of the range of punishment for DWI, stating “at least three days in jail and up
to a year in jail.”[2]  Subsequently, however, the State asked four
panel members if they could consider three days of probation as opposed
to three days in jail.  The panel members
responding to that particular question indicated they could not consider three
days of probation.  Appellant’s counsel
did not object to the State’s question nor attempt to clarify that the minimum
range was three days in jail as opposed to three days of probation.  In fact, during his voir dire, appellant’s
counsel continued the prosecutor’s line of questioning, asking the following:

The State was talking about the range of punishment and some of you had
some problems with it and that’s fine. . . . [venire member], did you have a
problem with it?  I don’t think the State
asked you about it.  Considering the
entire range on any given set of circumstances, could you find something where
the entire range you could consider which may be that, you know, that little
probation and all the way up to a year?[3]  








Appellant’s
counsel continued to ask the panel members if they could consider the
punishment range, referring to it only as the “minimum” and the “maximum.”  In all, three panel members stated they could
not consider probation as a sentencing option in response to defense counsel’s
questions.  

After appellant’s voir dire, there was a
discussion at the bench that is not contained in the record.  The trial judge and the attorneys then went
into the judge’s chambers and the following discussion ensued:

DEFENSE COUNSEL: Judge, here the problem
I’ve got is I really have a problem with bringing back up and asking them
because I feel like that would be asking them to change an opinion that they’ve
already made, that they’ve already said. 

PROSECUTOR: Okay. 

DEFENSE COUNSEL: Judge,
and the reason I’m saying that is because, on the other hand, I think that the
evidence that will be presented in the trial itself should be the final
criteria, which is the final decision.  I
have a problem with bringing them up, but I also see both sides of it. 

PROSECUTOR: Do you want to make a
motion?  Go ahead put on the motion the
reason and the cause.

DEFENSE COUNSEL: It’s not – and I will do
that if it becomes necessary. . . . One of the problems we have, Judge, is that
we only had 16 people show up and from those two were excused by the
Court.  We’ve got to end up with
six.  I get three strikes.  The State gets three strikes, and I think
what’s going to happen is we’re just going to need to call more jurors because
those jurors that were out there that said “Yes, I can consider the entire
range of punishment,” that is a qualified juror.  When a juror says that they can’t consider
whichever end of it or they couldn’t consider the low end or they couldn’t
consider the high end, those that answered no, those that found them guilty, “I
could never consider probation,” are not a qualified juror; and the State’s
attempt to bring them back up and rehabilitate them, especially trying to give
them facts, I believe is improper when they have been given an opportunity and
they have clearly stated that they could not consider the entire range under
any imaginable fact scenario.      

Appellant’s
counsel moved to strike eight jurors for cause, claiming those jurors stated
unequivocally that they were unable to consider the entire range of punishment
for the offense charged.  The judge
denied the motion.








After appellant’s counsel exhausted his peremptory
challenges to remove objectionable venire members, he requested additional
peremptory challenges to strike others. 
The court denied the request and empaneled the jury.  During the lunch recess, before the jury
returned, counsel again objected to the panel and identified two other jurors
he would have moved to peremptorily strike. 
Ultimately, three of the individuals who stated they could not consider
probation as a punishment option were seated as jurors.  The jury convicted appellant and assessed
punishment at one year in prison and a fine of $800.

II. 
Discussion

A.  Appellant’s challenges for
cause  

In his first issue, appellant contends that
because several venire members stated they would be unable to consider “the
entire range of punishment of the offense” charged, the trial court erred in
denying his challenges for cause to those venire members.  Appellant asserts that these panel members
had a bias or prejudice against the law regarding the “minimum range of
punishment” permitted for the offense charged and should have been dismissed.








A defendant has a right not to have a particular
venire member on the jury if the individual is challengeable for
cause.  Johnson v. State,
43 S.W.3d 1, 6–7 (Tex. Crim. App. 2001). 
A defendant may challenge a potential juror for cause when that
potential juror “has a bias or prejudice against any of the law applicable to
the case upon which the defense is entitled to rely, either as a defense to
some phase of the offense for which the defendant is being prosecuted or as a
mitigation thereof or of the punishment thereof.”  Tex.
Code Crim. Proc. art. 35.16(c)(2). 
Bias against the law is the refusal to consider or apply the relevant
law, meaning the panel member’s beliefs or opinions would substantially impair
his ability to perform his duties as a juror. 
Thompson v. State, 95 S.W.3d 537, 544 (Tex. App.—Houston [1st
Dist.] 2002, no pet.) (quoting Sadler v. State, 977 S.W.2d 140, 142
(Tex. Crim. App. 1998)).  A defendant is
entitled to have a jury panel comprised of individuals willing to consider the
full range of punishment applicable to the offense charged.  Johnson v. State, 982 S.W.2d 403,
405–06 (Tex. Crim. App. 1998); see Tex.
Code Crim. Proc. art. 35.16(c)(2). 
If a venire member is unable to consider the full range of punishment,
the court abuses its discretion by denying a challenge for cause as to that
member.  See Johnson, 982
S.W.2d at 406.  It is the burden of the
proponent of a challenge for cause to establish his challenge as proper.  Feldman v. State, 71 S.W.3d 738, 747
(Tex. Crim. App. 2002).  The proponent
does not meet that burden until he has shown the venire member “understood the
requirement of the law and could not overcome his prejudice well enough to
follow it.”  Id.

Section 49.04 of the Texas Penal Code provides
that a DWI offense is a Class B misdemeanor, with a minimum term of confinement
of 72 hours, or three days.  See Tex. Pen. Code § 49.04(b).  Accordingly, in this case the venire panel
was initially advised by the State’s attorney of the proper range of
punishment.  However, the prosecutor then
mistakenly stated that the minimum “punishment” was three days’ probation.  The venire members being questioned at that
point — and subsequently challenged by appellant — specifically stated they
could not consider “three days probation.”[4]  The remaining venire members challenged for
cause by appellant also responded that they could not consider “probation.”[5]  Thus, viewing the voir dire in its entirety,
as we must,[6]
the record indicates that the challenged jurors stated they could not consider
probation, several specifically in reference to a minimum term of three days’
probation.  We do not agree with
appellant that these responses can be properly characterized as “unequivocal
statements” of an inability to consider the full range of punishment.  








Further, though the prosecutor may have misstated
the punishment range,[7]
at no point did appellant’s counsel contend the range was misstated or otherwise
object to the misstatement.  Failure to
object at trial to a prosecutor’s misstatement waives error.  See Williams v. State, 622 S.W.2d 116,
119 (Tex. Crim. App. 1981).  It is well
established that a trial court must be made aware of a complaint in a manner
which allows any alleged error to be corrected. 
See Tex. R. App. P. 33.1;
Loredo v. State, No. 1075-03, 2004 WL 743833, at *3 (Tex. Crim. App.
April 7, 2004).  “Preservation of error
is not merely a technical procedural matter . . . [f]airness to all parties
requires a party to advance his complaints at a time when there is an
opportunity to respond or cure them.”  Loredo,
2004 WL 743833, at *3.  Indeed, the
record reflects appellant’s counsel, rather than attempt to clarify the
punishment range, contributed to the misstatement by merely referring to the
range as the “minimum” and “maximum,” including “that little probation.”     

Importantly, not only did appellant’s counsel fail
to object to the misstatement, but he then objected to bringing the panel
members back up to clarify their position on probation. Thus, instead of
attempting to correct any misstatement, appellant acquiesced in the
misstatement and failed to show that the venire members “understood the
requirement of the law and could not overcome [their] prejudice well enough to
follow it.”  See Feldman, 71 S.W.3d at 747.  








Moreover, we further hold that any error due to
the prosecutor’s misstatement was harmless. 
A misstatement of law during voir dire requires reversal only if
appellant was harmed by the misstatement. 
Thompson, 95 S.W.3d at 542. 
We analyze any harm under Texas Rule of Appellate Procedure
44.2(b).  See Tex. R. App. P. 44.2(b) (stating harm
analysis for non-constitutional error); Thompson, 95 S.W.3d at 542; Glauser
v. State, 66 S.W.3d 307, 316 (Tex. App.—Houston [1st Dist.] 2000, pet.
ref'd) (applying Rule 44.2(b) harm analysis to error regarding prosecutor’s
voir dire statement);  cf. Peak v.
State, 57 S.W.3d 14, 19 (Tex. App.—Houston [14th Dist.] 2001, no pet.)
(holding misstatement of law in closing argument requires 44.2(b)
harmless-error analysis).  We disregard
the error unless appellant’s substantial rights were affected, which occurs
when the error had a “substantial and injurious effect or influence in
determining the jury’s verdict.”  See Tex. R. App. P. 44.2(b); Thompson,
95 S.W.3d at 543 (quoting King v. State, 953 S.W.2d 266, 271 (Tex. Crim.
App. 1997)).  If probation is not a
possibility, the venire member’s ability to consider it is not relevant to the
jury selection process.  See George E. Dix & Robert O. Dawson, 43 Texas
Practice: Criminal Practice and Procedure § 35.97 (2d ed. 2001); cf. Rodriguez v. State, 513 S.W.2d 22, 26 (Tex. Crim. App.
1974) (concluding it is not improper to question jurors concerning
probation, when probation is within the scope of punishment which will be
considered by the jury in the event of conviction).       








Here, the record does not indicate that probation
was a sentencing option.  Before a
defendant is eligible for probation, he must timely file a proper motion
seeking probation.  Tex. Code Crim. Proc. art. 42.12, §
4(e);[8]
Dix & Dawson, 43 Texas Practice:
Criminal Practice and Procedure § 35.97.  The record does not contain the necessary
probation application nor evidence that the requisite finding was entered by
the jury.[9]  Therefore, the procedural requirements
necessary for the jury to have considered probation had not been met.  Also, during the State’s argument in the punishment phase, the
prosecutor stated that probation was not a punishment option in this case and
appellant’s counsel did not object to this statement, thus tacitly
acknowledging that probation was not applicable.  Finally, the verdict forms used
by the jury did not include probation as a sentencing alternative.  Two separate verdict forms were used during the punishment
phase, one to be signed if the jury found the previous commission of a DWI to
be “true” as an enhancement and the second to be signed if the jury found the
enhancement to be “not true.”[10]  Neither verdict form mentioned probation. 

Based on
the foregoing, we conclude that because probation was not a sentencing
option in this case, appellant’s substantial rights were unaffected by the
prosecutor’s misstatement.[11]  The trial court did not abuse its discretion
in denying appellant’s challenges for cause. 


B.  Due Process, Ineffective
Assistance, and Impartial Jury Trial Challenge








Appellant
also perfunctorily asserts in his brief that because the challenged jurors
could not consider the entire range of punishment, his right to due process as
guaranteed by the Fifth and Fourteenth Amendments to the United States
Constitution and article 1, section 19 of the Texas Constitution were denied,
and he was denied his rights to effective assistance of counsel and an
impartial jury, as guaranteed by the Sixth Amendment to the United States
Constitution and article 1, section 10 of the Texas Constitution.  However, appellant failed to present any
argument or provide any authority in support of his constitutional claims.  Because appellant did not adequately brief
these issues, his contentions are waived. 
See Tex. R. App. P.
38.1(h); Salazar v. State, 38
S.W.3d 141, 147 (Tex. Crim. App. 2001) (finding constitutional arguments waived
by inadequate briefing); see also Murphy v. State, 112 S.W.3d 592, 596
(Tex. Crim. App. 2003) (holding that analysis based upon appellant’s rights
under the Sixth Amendment cannot be further argued under article 1, section 10
of the Texas Constitution without an explanation as to how the two provisions
provide different protections); Heitman v. State, 815 S.W.2d 681,
690–91 n.23 (Tex. Crim. App. 1991) (stating that briefs asserting rights under
Texas Constitution are inadequate if they do not provide argument and authority
in support).  Moreover, based upon our foregoing conclusions, even
absent waiver, we find that appellant’s constitutional claims are without
merit.  

Accordingly, we overrule
appellant’s issues and affirm the trial court’s judgment. 

 

 

/s/        Eva M. Guzman

Justice

 

Judgment
rendered and Substituted Memorandum Opinion filed September 2, 2004.

Panel
consists of Justices Edelman, Frost, and Guzman.

Do Not
Publish — Tex. R. App. P.
47.3(b).

 

 











[1]  Originally,
sixteen people were on the venire.  After
two individuals were excused by the trial court, fourteen people were left as
potential jurors for a six-member jury panel.  






[2]  See Tex. Pen. Code § 49.04(b).  





[3]  The venire
member responded that she could not consider probation.  





[4]  These panel
members were Ms. Fuqua, Ms. Smith, and Ms. Walker, respectively.  





[5]  On rehearing,
appellant asserts that one juror, Ms. Austin, stated that she could not
consider “the minimum” without any reference to probation.  However, within the context of the entire
voir dire, reference to the “minimum” certainly could have implied three days’
probation.  





[6]  See
Granados v. State, 85 S.W.3d 217, 231 (Tex. Crim. App. 2002) (stating court
reviews voir dire in its entirety); Rische v. State, 834 S.W.2d 942
(Tex. App.—Houston [1st Dist.] 1992, pet. ref’d).  





[7]  After Speth
v. State, 6 S.W.3d 530, 532 (Tex. Crim. App. 1999), and Ex parte
Williams, 65 S.W.3d 656, 657 (Tex. Crim. App. 2001), it is arguable that
probation cannot be considered as part of the range of punishment. 





[8]  Article 42.12,
section 4 of the Code of Criminal Procedure provides:

 

A defendant is eligible for community supervision
[i.e., probation] under this section only if before the trial begins the
defendant files a written sworn motion with the judge that the defendant has
not previously been convicted of a felony in this or any other state, and the
jury enters in the verdict a finding that the information in the defendant’s
motion is true.  

 

Tex. Code Crim. Proc. art. 42.12, § 4(e) (emphasis
added).  





[9]  Cf. Glauser
v. State, 66 S.W.3d 307, 318 (Tex. App.—Houston [1st Dist.] 2000, pet.
ref’d).  In Glauser, appellant
claimed the trial court erred for denying two challenges for cause because the
venire persons were unwilling to consider the minimum punishment.  Id. at 317–18.  In its analysis, the First Court of Appeals
recognized the appellant had filed an application for probation.  Id. at 318.





[10]  The jury was
properly charged regarding sentencing. 
If the jury found the enhancement paragraph to be true, the jury
had the option to assess a fine between $0 and $4,000 and confinement in jail
for not less than thirty days nor more than one year.  If the jury found the enhancement paragraph
to be not true, the jury had the option to assess a fine up to $2,000
and confinement in jail for not less than seventy-two hours nor more than 180
days. 





[11]  In his motion
for rehearing, appellant argues that harm is indicated in the jury’s imposition
of the maximum sentence.  However, the
imposition of a maximum sentence does not necessarily mean the jury was unable
to consider probation.