IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00077-CR

 

Freddy Wayne Marshall,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 371st District Court

Tarrant County, Texas

Trial Court No. 0951051R

 



MEMORANDUM  Opinion



 








          A jury convicted Freddy Wayne Marshall
of aggravated robbery.  The court assessed his punishment at forty years’
imprisonment.  Marshall contends in his sole point that the court erred by
failing to submit an instruction under article 38.23 of the Code of Criminal
Procedure concerning the lawfulness of his initial detention.

          Article 38.23 provides in pertinent
part:

                   In any case where the legal
evidence raises an issue hereunder, the jury shall be instructed that if it
believes, or has a reasonable doubt, that the evidence was obtained in
violation of the provisions of this Article, then and in such event, the jury
shall disregard any such evidence so obtained.

 

Tex. Code Crim. Proc.
Ann. art. 38.23(a) (Vernon 2005). 
However, “an Article 38.23 instruction must be included in the jury charge only
if there is a factual dispute about how the evidence was obtained.”  Garza
v. State, 126 S.W.3d 79, 85 (Tex. Crim. App. 2004).

          Here, Officer Paul Davis testified
that he assisted another officer who had stopped a car suspected to have just
been involved in an armed robbery.  The sole occupant of the car at that time
was Angela Higgins, who told the officers that she and a man named Joe (who had
fled the scene) had just let Marshall out at the corner near his house. 
Higgins got in Davis’s patrol car and directed him to the location of Marshall’s house.

          Davis dialed Marshall’s telephone
number.  When Marshall answered, Davis explained that he was there with Higgins
and asked Marshall if he could come out and talk about why Joe may have fled.  Marshall came out a few moments later.  When he did, he was detained by other officers. 
Several witnesses to the robbery drove by and saw Marshall as he sat in the
other officers’ patrol car.  These witnesses identified Marshall as the robber.

          Higgins testified consistently with
Officer Davis that, after she was stopped by the first officer, she took Davis to Marshall’s house, where Marshall was detained.  Marshall did not testify, nor did
the other officers who assisted Davis at Marshall’s house.

          Marshall contends that he was entitled
to an article 38.23 instruction because Officer Davis[1]
“strongly implied that [Marshall] was detained but a short time, which was not
true and raised a fact issue regarding the legality of his detention.”  We
disagree.

          Officer Davis did not testify about
the length of Marshall’s detention.  Rather, he testified he left the scene
with Higgins about ten minutes after Marshall was detained.

Despite Marshall’s assertion, there is no
factual dispute in the record about the basis for Marshall’s detention or the
length of his detention.  Accordingly, the court did not abuse its discretion
by denying his request for an article 38.23 instruction.  See Garza, 126
S.W.3d at 85.  Thus, we overrule his sole point and affirm the judgment.

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Affirmed

Opinion delivered and
filed February 22, 2006

Do not publish

[CRPM]









[1]
          Marshall incorrectly identifies
Officer Davis as Officer Shipp in his brief.  However, the testimony Marshall refers to in his brief is Officer Davis’s, not Officer Shipp’s.








'> 

Mr. Long:  Your Honor, on Mr. Daniels, he has a –
number 28, he has a DWI conviction which he did not reveal.  He was given every
opportunity to reveal it, and I even kind of looked at him and asked is anybody
here that wanted to just speak from the array there and not go back in
chambers, and that’s the same reason that we struck Number 3, Ms. Sawyer, who
also has a DWI conviction that she did not reveal.

 

Court:  All right.  The challenge is denied.

 

Mr. Reyna:  Judge, obviously the Court can deny or
grant, but at this time just for purposes of the record, we would request a
hearing on the third phase of the Batson trial, Judge.

 

Court:  All right.

 

Mr. Reyna:  Are you granting or denying?

 

Court:  You want a hearing?

 

Mr. Reyna:  Yes, which the court is free to deny
or grant, whichever.

 

Court:  Oh, what type of hearing do you want?

 

Mr. Reyna:  Just basically would require putting
the prosecutor on the stand and question them as to what they have told you.

 

Court:  Well, it’s on the record, so I’m going to
deny the motion.

 

            All a party has to do to preserve
error is to let the trial judge know what he wants, why he thinks himself
entitled to it, and to do so clearly enough for the judge to understand him at
a time when the trial court is in a proper position to do something about it.
 Tex. R. App. P. 33.1;
Saldano v. State, 232 S.W.3d 77, 88 (Tex. Crim. App. 2007); Keeter v.
State, 175 S.W.3d 756, 760 (Tex. Crim. App. 2005); accord Loredo
v. State, 159 S.W.3d 920, 923 (Tex. Crim. App. 2004).  This, trial counsel
failed to do.  In this regard, the events at trial did not preserve an issue
for appeal.  Id.  

            To the extent the appellant now wants
a more extensive hearing and makes additional complaints about what happened at
trial, the complaint on appeal does not comport with the trial court objection
and, therefore, presents nothing for review.  Gallo v. State, 239 S.W.3d
757, 768 (Tex. Crim. App. 2007); Swain v. State, 181 S.W.3d 359, 367 (Tex. Crim. App. 2005).  

            Additionally, the defendant essentially waived the
error, or invited the error, by inviting the trial court to make either ruling
telling the trial court that “… the court is free to deny or grant, whichever.” 
Such a statement by counsel suggested that there really could not be reversible
error in the denial of the request for a hearing.  Further, counsel did not
correct the trial court’s statement on the record, if it was in any way
erroneous, that what he wanted on the record, the State’s race neutral
explanations for its strikes, was already in the record and, therefore, no
error was preserved.  See Loredo, 159 S.W.3d at 923-924.  

            Finally, in the present case, counsel
was asked what type hearing he wanted.  Counsel responded with a description of
what he wanted on the record.  The trial court responded that what counsel
wanted was already on the record—the State’s race neutral explanations for its
strikes.  Thus, unlike the recent Texas Supreme Court decision in Fisk,
it is not that counsel was not allowed to make a record because what counsel
wanted was already in the record.  Davis v. Fisk Elec. Co., No.
06-0162, 2008 Tex. LEXIS 863, *14-16 (Tex. Sept. 26, 2008).  Whereas in Fisk the Texas Supreme Court held that the complaint about not having the
third part of the Batson hearing was preserved, in this instance I do
not believe that it was.  Id. * 15-16.  Alternatively, if the complaint
was sufficiently specific to preserve the issue, I would nevertheless hold, for
the other reasons expressed, that there was no error.  But if there was error
in not having the third phase of the Batson hearing, I would proceed to
the harm analysis as the Court did in Fisk, and upon the totality of the
circumstances hold that it was harmless. See Fisk, 2008 Tex. LEXIS 863, at *16-17.

            For any of these reasons, I would
overrule appellant’s first issue and affirm the trial court’s judgment. 
Because the majority does not, I respectfully dissent.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

Dissenting opinion delivered and filed November 5,
2008