Affirmed and Memorandum Opinion filed July 13, 2006








Affirmed and Memorandum Opinion filed July 13, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-00875-CR

_______________

 

JOSE ANTONIO RODRIGUEZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 180th District Court

Harris County, Texas

Trial Court Cause No. 987,749

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

Jose Antonio Rodriguez appeals a
conviction for aggravated assault with a deadly weapon[1]
on the grounds that: (1) the trial court erred in finding a child witness
competent to testify; and (2) appellant was denied effective assistance of
counsel.  We affirm.








Appellant=s first issue contends that the trial
court erred in finding a child witness competent to testify because selected
portions of her testimony could suggest that she did not understand her
obligation to be truthful.[2]  Texas Rule
of Evidence 601 provides that:  

Every person is competent to be a
witness except as otherwise provided in these rules. The following witnesses
shall be incompetent to testify in any proceeding subject to these rules:

*          *          *

(2) Children or other persons who,
after being examined by the court, appear not to possess sufficient intellect
to relate transactions with respect to which they are interrogated.

Tex. R.
Evid. 601(a)(2).  A
trial court=s ruling on whether a child is competent to testify is reviewed for abuse
of discretion.  See Broussard v. State, 910 S.W.2d 952, 960 (Tex. Crim.
App. 1995).  However, to preserve a complaint for review on appeal, a party
must timely and specifically object in the trial court and secure an adverse
ruling.  See Tex. R. App. P. 33.1;
see also Loredo v. State, 159 S.W.3d 920, 923 (Tex. Crim. App. 2004). 
In this case, we have not been directed to, nor have we found, any objection in
the record by appellant to the competency of the child=s testimony or the lack of an
adequate determination of that at trial.  In addition, appellant has cited no
authority that preservation of such a complaint is not required.  Accordingly,
this issue presents nothing for our review and is overruled.

Appellant=s second issue complains that he was
denied the effective assistance of counsel because his trial counsel failed to
call appellant=s physician to testify regarding his alleged mental illness as a
mitigating factor during the punishment phase of trial.








A defendant=s right to effective assistance of
counsel is denied where a defense attorney=s performance falls below an
objective standard of reasonableness and there is a reasonable probability
that, but for the error, the result of the proceeding would have been
different.  Yarborough v. Gentry, 540 U.S. 1, 5 (2003); Scheanette v.
State, 144 S.W.3d 503, 509 (Tex. Crim. App. 2004), cert. denied, 543
U.S. 1059 (2005).  To show the requisite harm from a defense attorney=s failure to contact or call a
mitigation witness, a defendant must demonstrate that a particular witness was
available to testify and that this testimony would have been beneficial.  See
Ex parte McFarland, 163 S.W.3d 743, 758 (Tex. Crim. App. 2005).

Here, the only such potential witness
identified by appellant is Ramon A. Laval, Ph.D., who, by order of the court,
examined appellant prior to trial and determined that he was both competent to
stand trial and legally sane at the time of the offense.  However, appellant
cites nothing in our record that indicates that Dr. Laval was available to
testify, or that his testimony would have been beneficial to appellant.[3] 
Under these circumstances, appellant=s second issue does not demonstrate
either deficient performance by his attorney or prejudice.  Accordingly,
appellant=s second issue is overruled, and the judgment of the trial court is
affirmed.

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered and Memorandum
Opinion filed July 13, 2006.

Panel consists of Justices Anderson,
Edelman, and Frost.

Do not publish C Tex.
R. App. P. 47.2(b).









[1]           A jury found appellant guilty, found the
enhancement paragraphs true, and assessed punishment at 40 years confinement.





[2]           However, when reviewing a trial court=s determination of competency, we examine the witness=s entire testimony.  Fields v. State, 500
S.W.2d 500, 503 (Tex. Crim. App. 1973). 





[3]           Appellant cites Miller v. Dretke in
support of his ineffectiveness claim.  See Miller v. Dretke, 420
F.3d 356 (5th Cir. 2005).  In Miller, the record contained: (1) a motion
for new trial, including letters from various doctors regarding Miller=s mental condition; and (2) Miller=s state habeas corpus petition, attached to which was
an affidavit from her trial attorney stating that he should have interviewed
and called Miller=s doctors as mitigation witnesses.  Id. at
359.  Here, however, we have no such evidence from which we may determine
prejudice.  See Bone v. State, 77 S.W.3d 828, 837 (Tex. Crim. App.
2002).