

IN THE
TENTH COURT OF APPEALS

No. 10-07-00207-CR

JIMMY PARR,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 54th District Court
McLennan County, Texas
Trial Court No. 2003-667-C2

DISSENTING OPINION

To fully appreciate the trial court's ruling, the interchange between counsel and the trial court must be set out in detail. Note that the trial counsel's request is less than clear, but based on what counsel requested, there was no need for a further hearing as the record already contains the prosecutor's detailed explanation for the strikes. And, according to trial counsel, that was all counsel wanted on the record. The trial court stated on the record that counsel's reasons for the strikes were already on the record and there was, therefore, no need for a hearing. This observation by the trial court was not challenged in any way by the defendant's counsel. Counsel did not suggest that

additional explanations or evidence would be offered.

The following is the exchange that occurred at the end of voir dire, before the application of the jury strikes:

Court:  All right.  Make your strikes.

(Recess while peremptory challenges were made by counsel.)
(Defendant present, jury panel not present.)

Court:  I have the strikes from the State and defense.  We're about to call the jury panel back in.  We're outside the presence and hearing of the jury panel.  Mr. Reyna, you wanted to place a matter on the record.

Mr. Reyna:  Yeah, Judge.  Just at this time for purposes of the record we would challenge the State – we have been provided with a list of the jurors, and it appears as though the State has struck Number 31, Ms. Lucas, and Number 28, Mr. Daniels, and we challenge those under Batson, Judge.

Court:  I take it both of them –

Mr. Reyna:  Both of those are African Americans, yes, sir, Judge.

Court:  Does the State have a response?

Mr. Freeman:  Judge, in regard to Number 31, we never reached her.  Whether we struck her or not, that shouldn't make any difference.  Your jury is complete at Number 30.  We can certainly give a reason, but I don't think it's necessary.  The reason in regard to her, if you would like to hear it is, in checking the criminal history list, her husband has a DWI arrest and an AWOL, absence without leave, from Fort Hood.  She also stated in reply to Mr. Reyna's question, why would a co-defendant say a defendant did it and not himself, she said, "I've been involved in situations like that before where I have been picked out."  We think she would be prejudicially predisposed to find against the State.

Court:  The Batson challenge is denied.

Mr. Long:  Your Honor, on Mr. Daniels, he has a – number 28, he has a DWI conviction which he did not reveal.  He was given every opportunity to reveal it, and I even kind of looked at him and asked is anybody here

that wanted to just speak from the array there and not go back in chambers, and that's the same reason that we struck Number 3, Ms. Sawyer, who also has a DWI conviction that she did not reveal.

Court:  All right.  The challenge is denied.

Mr. Reyna:  Judge, obviously the Court can deny or grant, but at this time just for purposes of the record, we would request a hearing on the third phase of the Batson trial, Judge.

Court:  All right.

Mr. Reyna:  Are you granting or denying?

Court:  You want a hearing?

Mr. Reyna:  Yes, which the court is free to deny or grant, whichever.

Court:  Oh, what type of hearing do you want?

Mr. Reyna:  Just basically would require putting the prosecutor on the stand and question them as to what they have told you.

Court:  Well, it's on the record, so I'm going to deny the motion.

All a party has to do to preserve error is to let the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it.  TEX. R. APP. P. 33.1; *Saldano v. State*, 232 S.W.3d 77, 88 (Tex. Crim. App. 2007); *Keeter v. State*, 175 S.W.3d 756, 760 (Tex. Crim. App. 2005); *accord Loredo v. State*, 159 S.W.3d 920, 923 (Tex. Crim. App. 2004).  This, trial counsel failed to do.  In this regard, the events at trial did not preserve an issue for appeal.  *Id.*

To the extent the appellant now wants a more extensive hearing and makes additional complaints about what happened at trial, the complaint on appeal does not

comport with the trial court objection and, therefore, presents nothing for review. *Gallo v. State*, 239 S.W.3d 757, 768 (Tex. Crim. App. 2007); *Swain v. State*, 181 S.W.3d 359, 367 (Tex. Crim. App. 2005).

Additionally, the defendant essentially waived the error, or invited the error, by inviting the trial court to make either ruling telling the trial court that "… the court is free to deny or grant, whichever." Such a statement by counsel suggested that there really could not be reversible error in the denial of the request for a hearing. Further, counsel did not correct the trial court's statement on the record, if it was in any way erroneous, that what he wanted on the record, the State's race neutral explanations for its strikes, was already in the record and, therefore, no error was preserved. *See Loredo*, 159 S.W.3d at 923-924.

Finally, in the present case, counsel was asked what type hearing he wanted. Counsel responded with a description of what he wanted on the record. The trial court responded that what counsel wanted was already on the record—the State's race neutral explanations for its strikes. Thus, unlike the recent Texas Supreme Court decision in *Fisk*, it is not that counsel was not allowed to make a record because what counsel wanted was already in the record. *Davis v. Fisk Elec. Co.*, No. 06-0162, 2008 Tex. LEXIS 863, *14-16 (Tex. Sept. 26, 2008). Whereas in *Fisk* the Texas Supreme Court held that the complaint about not having the third part of the *Batson* hearing was preserved, in this instance I do not believe that it was. *Id*. * 15-16. Alternatively, if the complaint was sufficiently specific to preserve the issue, I would nevertheless hold, for the other reasons expressed, that there was no error. But if there was error in not having the third

Parr v. State                                                                                                    Page 4

phase of the *Batson* hearing, I would proceed to the harm analysis as the Court did in *Fisk*, and upon the totality of the circumstances hold that it was harmless. *See Fisk*, 2008 Tex. LEXIS 863, at *16-17.

For any of these reasons, I would overrule appellant's first issue and affirm the trial court's judgment. Because the majority does not, I respectfully dissent.


TOM GRAY
Chief Justice

Dissenting opinion delivered and filed November 5, 2008