**AFFIRM; and Opinion Filed November 8, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-11-01680-CR

### VICKIE LYNN ROLLINS, Appellant
### V.
### THE STATE OF TEXAS, Appellee

### On Appeal from the 291st Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F10-42334-U

## MEMORANDUM OPINION
Before Justices O'Neill, Lang-Miers, and Evans
Opinion by Justice O'Neill

The State charged appellant Vickie Lynn Rollins with aggravated robbery with a deadly weapon. She entered a plea of no contest, and the trial court found her guilty. After a punishment hearing, the trial court sentenced her to fifteen years' confinement and assessed a $2,000 fine. The trial court also ordered her to pay $244 in court costs.

In two issues, appellant argues (1) the trial court abused its discretion by sentencing her to fifteen years' imprisonment because the punishment does not meet the objective of rehabilitation but is merely punitive, and (2) the record is insufficient to support the trial court's order to pay $244 in court costs. We affirm the trial court's judgment. Because the facts are known to the parties and unnecessary for disposition of this appeal, we issue this memorandum opinion. TEX. R. APP. P. 47.1.

Appellant acknowledges the State will argue her first issue is not preserved for appellate review because she did not object when the trial court pronounced her sentence. She argues, however, that because the "only issue before the trial court was whether to place Appellant on probation . . . . An objection under these circumstances to the exact years assessed was unnecessary and would have been redundant." Further, she contends her motion for new trial was sufficient to put the trial court on notice of her objection. We do not agree with appellant's arguments.

To preserve a complaint for appellate review, the law explicitly requires a party to lodge a timely and specific objection, motion, or request to the trial court stating the grounds for her complaint. TEX. R. APP. P. 33.1. Even complaints involving constitutional rights are subject to waiver if a party does not comply with the rules. *Jimenez v. State*, 32 S.W.3d 233, 235 (Tex. Crim. App. 2000). The rationale of the rule requiring a timely and specific objection is to notify the trial court of the exact basis of the relief requested so that it has the opportunity to make an informed decision regarding whether to correct any alleged error. *See Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005). Moreover, "[f]airness to all parties requires a party to advance his complaints at a time when there is an opportunity to respond or cure them." *Loredo v. State*, 159 S.W.3d 920, 923 (Tex. Crim. App. 2004).

The record shows that when the trial court pronounced appellant's fifteen-year sentence, she failed to make any objection. Thus, the trial court was not made aware of appellant's objection regarding the length and reasoning of her sentence, and we will not assume the trial court knew or should have known she was making such an objection.

Moreover, appellant's assertion that she raised the issue in her motion for new trial is without support. Appellant's motion for new trial only asserted the verdict was contrary to the law and to the evidence. This general allegation was insufficient to notify the trial court she was

complaining about her sentence. *See, e.g., Stovall v. State*, 05-95-01862-CR, 1997 WL 459082, at \*5 (Tex. App.—Dallas Aug. 13, 1997, no pet.) (not designated for publication) (holding that such general allegations in a motion for new trial is insufficient to preserve a complaint regarding sentencing). Thus, appellant failed to preserve her issue for review. Her first issue is overruled.

In her second issue, appellant argues the evidence is insufficient to support the trial court's order to pay $244 in court costs because the clerk's record does not contain a bill of costs. Because the clerk's record did not contain a bill of costs, we ordered the Dallas County District Court to file a supplemental record containing the certified bill of costs associated with this case, and the clerk did so. *See* Tex. R. App. P. 34.5(c)(1) (stating rules of appellate procedure allow supplementation of the clerk's record if a relevant item has been omitted). With the supplemental clerk's record containing the bill of costs now before us, appellant's complaint that the evidence is insufficient to support the imposition of costs is now moot. *See Franklin v. State*, 402 S.W.3d 894, 894 (Tex. App.—Dallas 2013, no pet.).

However, appellant has filed two objections to our order requiring supplementation. She complains the clerk did not file a "proper bill of costs" because (1) it is an unsworn, unsigned computer printout, and (2) the record does not indicate the bill of costs was filed or brought to the trial court's attention before costs were entered. We have previously addressed and overruled both of these arguments in *Coronel v. State*, No. 05-12-00493-CR, 2013 WL 3874446, at \*4–5 (Tex. App.—Dallas July 29, 2013, no pet.). Accordingly, we overrule appellant's second issue.

Having overruled both appellant's issues, we affirm the trial court's judgment.

/Michael J. O'Neill/

MICHAEL J. O'NEILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

111680F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

VICKIE LYNN ROLLINS, Appellant

No. 05-11-01680-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas
Trial Court Cause No. F10-42334-U.
Opinion delivered by Justice O'Neill.
Justices Lang-Miers and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 8th day of November, 2013.

/Michael J. O'Neill/

MICHAEL J. O'NEILL
JUSTICE