

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

## No. 02-18-00536-CR

_____

MICHAEL CHRISTOPHER TORRES, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from County Criminal Court No. 8
Tarrant County, Texas
Trial Court No. 1434598

---

Before Bassel, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

A jury found Appellant Michael Christopher Torres guilty of driving while intoxicated with an alcohol concentration level of 0.15 or more. *See* Tex. Penal Code Ann. § 49.04(d). After the jury's guilty verdict, the State and Appellant agreed on a punishment of 180 days in the Tarrant County Jail, probated for 18 months, and a $750 fine. The trial court accepted the agreement and entered a judgment accordingly.

## I. APPELLANT'S CONTENTION; OUR HOLDING

In one issue, Appellant raises numerous complaints stemming from the trial court's purportedly limiting his questioning the venire members about their ability to consider the minimum sentence. Specifically, Appellant asserted at trial and asserts on appeal that the minimum sentence was no jail time and a $1 fine, but at trial, the trial court disagreed and maintained that the minimum sentence was one day in jail and no fine. We hold that Appellant did not preserve his complaint, overrule his issue, and affirm the trial court's judgment.

## II. WHAT CONSTITUTES A MINIMUM SENTENCE?

The offense of driving while intoxicated can, depending on the circumstances, be either a Class B misdemeanor or a Class A misdemeanor. *See id.* § 49.04(b), (c), (d). If the offense is a Class B misdemeanor, the statutes specify minimum terms of confinement; curiously, if the offense is a Class A misdemeanor, the statutes specify no minimum term of confinement. *See id.*

Specifically, Section 49.04 (driving while intoxicated) provides,

2

(a) A person commits an offense if the person is intoxicated while operating a motor vehicle in a public place.

(b) Except as provided by Subsections (c) and (d) and Section 49.09, an offense under this section is a Class B misdemeanor, with a minimum term of confinement of 72 hours.

(c) If it is shown on the trial of an offense under this section that at the time of the offense the person operating the motor vehicle had an open container of alcohol in the person's immediate possession, the offense is a Class B misdemeanor, with a minimum term of confinement of six days.

(d) If it is shown on the trial of an offense under this section that an analysis of a specimen of the person's blood, breath, or urine showed an alcohol concentration level of 0.15 or more at the time the analysis was performed, the offense is a Class A misdemeanor.

*Id.* § 49.04(a), (b), (c), (d).

Section 49.04(d) defines that offense as a generic Class A misdemeanor. *Id.* § 49.04(d). A generic Class A misdemeanor specifies no minimum term of confinement:

An individual adjudged guilty of a Class A misdemeanor shall be punished by:

(1) a fine not to exceed $4,000;

(2) confinement in jail for a term not to exceed one year; or

(3) both such fine and confinement.

*Id.* § 12.21.

When a statute is silent, case law provides us some guidance. Assessing neither a fine nor a term of confinement is not within the statutory range and results in a void sentence. *See Ex parte Rogers*, No. 01-16-00583-CR, 2017 WL 1149220, at *2 (Tex.

3

App.—Houston [1st Dist.] Mar. 28, 2017, no pet.) (mem. op., not designated for publication); *Mizell v. State*, 70 S.W.3d 156, 163 (Tex. App.—San Antonio 2001), *aff'd*, 119 S.W.3d 804 (Tex. Crim. App. 2003). From this, it follows that a trial court can properly preclude a defendant from representing to venire members that the minimum sentence is no fine and no term of confinement. *See Bissett v. State*, No. 03-15-00530-CR, 2016 WL 6407296, at *3 (Tex. App.—Austin Oct. 26, 2016, pet. ref'd) (mem. op., not designated for publication).

Even when a punishment scheme contemplates a minimum term of confinement, the answer may not be straightforward. At least one court has held that if the applicable statute specifies the options of

- a fine,

- jail time with a minimum term of confinement, or

- both,

then a sentence with a fine and no term of confinement is valid. *See State v. Garcia*, No. 10-16-00445-CR, 2018 WL 2142735, at *3 (Tex. App.—Waco May 9, 2018, no pet.) (mem. op., not designated for publication). The disjunctive "or" decided the issue. *Id.* at *2. Chief Justice Gray wrote, "When the legislature wants to require a minimum level of incarceration plus the option for a fine, they certainly know how to word the statute to accomplish that objective." *Id.* at *3 n.* (Gray, C.J. concurring).

4

## III. THE PORTION OF VOIR DIRE ABOUT WHICH APPELLANT COMPLAINS

With the above understanding of what constitutes a minimum sentence, we now turn to the voir dire. From it, we see that the State conceded that the sentence did not necessarily require a term of confinement, but we also see the trial court's correcting the State and asserting that some term of confinement was necessary. We then see defense counsel describing the minimum sentence as consisting of a fine and no term of confinement, but the trial court again interjects to assert that some term of confinement was required and that only the assessment of a fine was optional.

### A. The prosecutor

We start with the State:

[PROSECUTOR]: So the range of punishment for a Class A misdemeanor is zero to 365 days jail and up to a $4,000 fine. So my question for you is, could you consider the full range of punishment? You know, again, most important is that you have not heard any of the facts of this case yet. Before you get to these six seats, could you consider that full range of punishment?

And I'll start with you, Mr. [V].

VENIREMAN [V]: Yeah, I think I could.

[PROSECUTOR]: You could?

Could you consider giving someone 365 days jail and a $4,000 fine?

VENIREMAN [V]: Probably not both --

[PROSECUTOR]: Okay.

VENIREMAN [V]: -- especially if it's his first one.

[PROSECUTOR]: Okay. But could you consider even the bottom of that, that -- giving someone zero days jail and a dollar fine?

VENIREMAN [V]: No, that either, because he's not going to learn his lesson that way.

. . . .

[PROSECUTOR]: Yes, ma'am, correct. Just like the max for jail time is 365 days.

THE COURT: Yes. It's actually up to -- be one day up to 365 days.

[PROSECUTOR]: Yes.

## B. Defense counsel

Defense counsel encountered the same correction:

[DEFENSE COUNSEL]: All right. Briefly I want to talk to you about punishment. Okay? There were a couple -- a couple of people -- it's up to a year in the county jail, up to a $4,000 fine, but again, we have to do this now because we don't get to do this later. But Mr. [V] -- [V]. I'm sorry, Mr. [V]. I didn't quite hear you earlier. Did you say that you could not consider a zero -- zero days in jail and a one dollar fine?

VENIREMAN [V]: No, I wasn't -- I interpreted it wrong.

[DEFENSE COUNSEL]: Okay.

VENIREMAN [V]: It was 365 days in jail and a $4,000 fine.

[DEFENSE COUNSEL]: So that would be the maximum.

VENIREMAN [V]: Yeah. I didn't understand it at first --

[DEFENSE COUNSEL]: Okay.

VENIREMAN [V]: -- but it could be either or.

6

[DEFENSE COUNSEL]: It could be anywhere within zero to 365.

THE COURT: One to 365.

[DEFENSE COUNSEL]: I'm sorry?

THE COURT: It has to be at least one.

[DEFENSE COUNSEL]: One?

THE COURT: One to 365.

[DEFENSE COUNSEL]: One to 365 instead of zero.

VENIREMAN [V]: Or probation, right?

THE COURT: Yeah. The Court has held that there can't be a zero day. It's just someone -- one day could be probated, but it has to be at least one day up to 365 days, and up to a $4,000 fine. So somebody can't have a zero zero.

[DEFENSE COUNSEL]: You could have a one day, zero fine, though.

THE COURT: Exactly.

[DEFENSE COUNSEL]: So what about that? Would you be okay with that after finding someone guilty of DWI, give them one day in jail and a zero dollar fine?

VENIREMAN [V]: Yeah, it would be okay.

[DEFENSE COUNSEL]: Is there anyone who's not okay with that? You couldn't even consider it?

VENIREMAN [R]: I'd feel guilty. I'd have an issue with that.

[DEFENSE COUNSEL]: And we're presuming -- we're assuming that y'all have already found him guilty and now it's your turn to assess punishment. And you could not consider one day in jail and a zero dollar fine?

7

VENIREMAN [D]: I couldn't.

A VENIREMAN: I couldn't.

[DEFENSE COUNSEL]: You couldn't?

(Simultaneous talking among venire panel.)

A VENIREMAN: I'd have to do more than a fine.

(Simultaneous talking among venire panel.)

A VENIREMAN: I mean, if you're going to justify it, justify them, right?

THE COURT: And once again, so I'm going to interrupt here. He's not asking what you would do. Under any scenario in your mind, could you think of a scenario where the -- given the facts -- and nobody can give you the facts of this case, but can you think of a fact situation in your head where one day in jail and no fine would be appropriate?

On the flip side of that, could you think -- also think of a situation giving a specific fact pattern that the maximum would be appropriate? Because that's why -- [Defense Counsel], I'm pausing your time.

[DEFENSE COUNSEL]: Thank you, Judge.

THE COURT: So, you know, in the federal system, it's more of a sentencing guideline. You take this crime, plus these factors, and it's more of a math formula, and that's what you come up with. Well, in Texas we don't have the sentencing guidelines. We have a range of punishment. And so the Legislature also felt that the jury -- or if the Court was deciding punishment, that based upon the facts of a particular case a less severe fact pattern might result in a lesser punishment in that punishment range, [whereas] a more egregious fact pattern would result [in a greater punishment]. And so, basically, what the law is asking is can you make a determination depending on where the facts of this case are in that -- in that spectrum, could you consider in a given case the very minimum punishment all the way up to could you consider the maximum punishment, if the facts justify it? That's ultimately the question.

Does that make sense to everybody?

(No response.)

[DEFENSE COUNSEL]: Is everybody good on that full range of punishment?

(No response.)

[DEFENSE COUNSEL]: Does anybody have any questions for me?

(No response.)

## IV. DISCUSSION

Appellant did not object when the trial court corrected the prosecutor or when it corrected defense counsel. Appellant did not preserve his complaint. *See Loredo v. State*, 159 S.W.3d 920, 923 (Tex. Crim. App. 2004). Defense counsel was either not sure himself or—for jury-selection purposes—indifferent.[1]

Appellant argues that he did not have to preserve his complaint because, essentially, the trial court voiced the objection and ruled on its own objection. Appellant contends that this skews the preservation analysis. Appellant relies on *Samaripas v. State*, but that case is distinguishable. 454 S.W.3d 1, 6 (Tex. Crim. App. 2014). In *Samaripas*, the State objected to defense counsel's voir dire question and the

---

[1]The judgment reflects that Appellant was credited with one day's confinement. Even with a one-day minimum sentence, venire members who balked because the minimum term of confinement was too low spoke up.

9

trial court sustained the objection. *Id.* In *Samaripas*, the record showed both an objection and a ruling. *See* Tex. R. App. P. 33.1(a). We have neither.

Although Appellant cites no authority supporting his argument that he needed neither an objection nor an adverse ruling, we note at least one instance when a trial court's comments during voir dire resulted in a reversal despite the absence of both. *See Blue v. State*, 41 S.W.3d 129, 131–39 (Tex. Crim. App. 2000) (Johnson, J., plurality op.), (Mansfield, J., concurring opinion), (Keasler, J., concurring opinion); *see also Blue v. State*, 64 S.W.3d 672, 673 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd) (op. on remand). In *Blue*, the trial judge made comments to the venire members that so tainted the presumption of innocence that the judge adversely affected the defendant's right to a fair trial. *Blue*, 64 S.W.3d at 673.

More recently though, the Texas Court of Criminal Appeals has written that "the *Blue* decision has no precedential value." *Unkart v. State*, 400 S.W.3d 94, 101 (Tex. Crim. App. 2013). At best, the plurality and concurring opinions can be cited for "any persuasive value they might have." *Id.*

On another occasion, in the context of a trial judge's misstating the facts when denying a motion to strike a venire member for cause, the Texas Court of Criminal Appeals held that the defendant did not preserve his complaint because defense counsel had "said nothing to cast doubt on the trial court's recollection of events." *Loredo*, 159 S.W.3d at 924. A fundamental principle of error preservation, the court explained, is that the trial court must be made aware of a complaint at a time and in a

manner so that the trial court can correct it. *Id.* at 923 (citing Tex. R. App. P. 33.1). Fairness requires a party to advance his complaint at a time when the opponent has an opportunity to respond and when the trial court still has the chance to address and correct it. *Id.* In *Loredo*, defense counsel's failure to speak up proved fatal: "Thus, appellant's silence resulted in his failure to inform the trial court of his complaint at a time and in a manner that it could be corrected, in violation of the basic requirements of Texas Rule of Appellate Procedure 33.1." *Id.* at 924.

In Appellant's case, he made no effort to object and never indicated that his ability to select a jury was adversely impacted in the slightest. *See id.* Because nothing the trial court said tainted Appellant's presumption of innocence, *Blue* is distinguishable. *See Morgan v. State*, 365 S.W.3d 706, 710–11 (Tex. App.—Texarkana 2012, no pet.). We hold that Appellant did not preserve his complaint. We overrule Appellant's sole issue.

## V. CONCLUSION

Having overruled Appellant's sole issue, we affirm the trial court's judgment.

/s/ Mike Wallach
Mike Wallach
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: September 3, 2020

11