

**In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana**

_____

No. 06-11-00080-CR

_____

STEVEN MORGAN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th Judicial District Court
Bowie County, Texas
Trial Court No. 10F0084-005

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Carter

OPINION

## I. Factual and Procedural Background

Steven Morgan appeals his conviction for aggravated sexual assault of a disabled person. *See* TEX. PENAL CODE ANN. § 22.021 (West Supp. 2011). T.H., the victim, testified that Morgan, whom T.H. had previously known and regarded as a friend, called T.H. and arranged a meeting. Morgan "took" T.H. to Morgan's trailer, made T.H. undress, and then anally penetrated T.H. T.H. testified Morgan threatened to shoot him if he told anyone. Anita Polomski, a sexual assault nurse examiner, testified T.H. had an "acute one and a half centimeter tear and a one centimeter open area tear" to the anus. The State also introduced evidence that Morgan's DNA was consistent with a DNA mixture found on the penile swab of T.H. with a match of "1 in 1,352 for Caucasians." A jury found Morgan guilty and assessed punishment at seventy-five years' imprisonment. The trial court sentenced Morgan consistent with the jury's assessment. On appeal, Morgan argues the evidence is insufficient and reversible error occurred when the trial court improperly commented on the weight of the evidence. We affirm the judgment of the trial court.

## II. The Evidence Is Sufficient

In his first two points of error, Morgan claims the evidence is legally and factually insufficient[1] to support the jury's conclusion that T.H. is disabled.

---

[1] With Judge Cochran joining the lead opinion, authoring a concurring opinion, and Judge Womack concurring with the lead opinion and joining the concurrence, in *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (4-1-4

2

In reviewing the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the jury's verdict to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Brooks*, 323 S.W.3d at 912 (citing *Jackson*, 443 U.S. at 319). Our rigorous legal sufficiency review focuses on the quality of the evidence presented. *Id.* at 917–18 (Cochran, J., concurring).

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A "hypothetically correct" jury charge is "one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.* The hypothetically correct jury charge must include both (1) allegations that form an integral part of an essential element of the offense, including allegations that are statutorily alternative manner and means and (2) material variances. *Mantooth v. State*, 269 S.W.3d 68, 74 (Tex. App.—Texarkana 2008, no pet.); *see Gollihar v. State*, 46 S.W.3d 243, 254 (Tex. Crim. App. 2001). Under the hypothetically correct jury charge, "disabled individual" would have been defined as:

decision), a plurality of the Texas Court of Criminal Appeals abolished the factual sufficiency review established by *Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996), and its progeny. The plurality and Judge Womack agreed that the *Jackson v. Virginia*, 443 U.S. 307 (1979), legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. *Brooks*, 323 S.W.3d at 894–95, 912–13. Since the Texas Court of Criminal Appeals has abolished factual sufficiency review, we will interpret Morgan's factual sufficiency challenge as a challenge to the legal sufficiency of the evidence.

"Disabled individual" means a person older than 14 years of age who by reason of age or physical or mental disease, defect, or injury is substantially unable to protect himself from harm or to provide food, shelter, or medical care for himself.

TEX. PENAL CODE ANN. § 22.04(c)(3) (West Supp. 2011); *see* TEX. PENAL CODE ANN. § 22.021(b)(2) (specifying "disabled individual" has meaning assigned by Section 22.04(c)).

Morgan argues the evidence is insufficient because the State failed to establish the extent of T.H.'s "cognitive and physical abilities." Morgan argues the fact that T.H. was able to ride his bicycle[2] downtown unaccompanied by any other person indicates he was not disabled. Morgan also points out that T.H.'s mother did not remember T.H.'s IQ, did not specify whether T.H. was exclusively in special education classes, did not indicate whether T.H. could handle money, and did not discuss whether T.H. could provide for his nutritional needs, medical needs, or personal hygiene. We note that T.H.'s mother testified T.H. had a "little job" at Dairy Queen prior to the assault and "because of the incident, he quit that job."

The evidence is sufficient for a rational juror to conclude beyond a reasonable doubt that T.H. is substantially unable to protect himself from harm. Dr. Bryan Smith, a "clinical psychologist and clinical neuropsychologist," testified that he personally met with T.H. and "the diagnosis, you know, based on the testing that I did, looking at school records, and looking at his history, developmental history and, you know, functioning throughout his life, were all consistent with a diagnosis of mental retardation." T.H.'s mother testified T.H. suffered permanent brain injuries during birth, is "mentally disabled," and attended special education classes when he

---

[2]When asked during cross-examination if "you ride your bicycle a lot," T.H. answered, "Uh-huh. Yeah."

4

attended school.  T.H.'s mother testified T.H., age twenty-nine, still lives with her.  Tina Lee, an investigator with the Bowie County Sheriff's Office, testified that she recorded T.H.'s interview because she did not believe that T.H. was mentally capable of giving a written statement. Polomski testified there was "no trauma noted" in her "head to toe assessment."  The jury is permitted to make reasonable inferences from the evidence.  We must give deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."  *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19).  A rational juror could infer, based on the evidence presented, that T.H.'s mental disease prevents him from protecting himself from harm.  We conclude the evidence is sufficient for a rational juror to find T.H. was a "disabled individual."

## III.    Trial Court's Comment/Instruction to Jury

In his third issue, Morgan argues the trial court improperly commented on the weight of the evidence while instructing the jury.  During the cross-examination of Dr. Smith, Morgan's trial counsel asked:

> Q      [By defense counsel]   And in those discussions, were you able to -- or are you able to make a determination of whether [T.H.] is capable of differentiating between the truth and a lie?

> A      [By Dr. Smith]   Well, that wasn't the exact reason why I was evaluating him.

5

Q    But for someone in his, with his mental competence or with his disability, would you be able to make that determination?

A    That wasn't something I was asked to determine at that time. I mean, I could look back through and, you know, attempt to form an opinion on that, but I hadn't at that point.

Q    Okay. So at this time you don't have an opinion on that?

A    Since that wasn't the reason I was evaluating him, yeah. At this point, I don't.

The State did not object to this line of questioning. After another witness testified, the trial court recessed.

After a brief recess, the trial court, apparently sua sponte, proposed an instruction be given to the jury. When asked if anyone had any objections, Morgan's trial counsel affirmatively replied, "No, Your Honor." The trial court orally instructed the jury as follows:

Members of the jury, during the examination of Dr. Smith the question was asked whether the doctor had an opinion on the ability of the witness [T.H.] to distinguish between telling the truth and telling a lie. It is for the judge, not the jury, to determine whether a witness is competent to testify in a criminal proceeding. The judge is not required to order a witness to undergo psychiatric evaluation for the purpose of a competency evaluation. Rather, Texas law creates a presumption that a person is competent to testify, and a witness will only be excluded when questioning convinces the judge that the witness does not possess sufficient intellect to accurately reflect transactions about which the witness is being interrogated. Based on this standard, I have determined that the witness [T.H.] is competent to testify pursuant to the rules governing this proceeding. Therefore, I am instructing you to disregard the question of Dr. Smith regarding the ability of [T.H.] to tell the difference between the truth and a lie and give it no weight in your deliberations. It remains your responsibility to evaluate the credibility of all witnesses, including [T.H.], and I am not permitted by words or actions to influence your evaluation. I am only saying that he meets the threshold requirement of

6

competence to testify. It will remain entirely up to you to determine whether to believe all, none, or any part of his testimony.

## A.     Trial Court Ruling on Evidence

Morgan argues the above comment was in violation of Article 38.05 of the Texas Code of Criminal Procedure, which directs:

> In ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; nor shall he, at any stage of the proceeding previous to the return of the verdict, make any remark calculated to convey to the jury his opinion of the case.

TEX. CODE CRIM. PROC. ANN. art. 38.05 (West 1979).

Morgan argues that "[t]he trial court instructed the jury to make no inference of credibility of the complaint based on the psychologist's failure to conduct a competency evaluation. In short, the trial court instructed the jury that the complainant's testimony should be believed." We do not agree with this analysis of the instruction.

The Texas Code of Criminal Procedure prohibits a trial court from making a statement which comments on the weight of the evidence both in the jury charge, *see* TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007), and outside the context of the jury charge, *see* TEX. CODE CRIM. PROC. ANN. art. 38.05, such as when ruling on the admissibility of evidence. A trial court improperly comments on the weight of the evidence if it makes "a statement that implies approval of the State's argument, that indicates any disbelief in the defense's position, or that diminishes the

7

credibility of the defense's approach to its case." *Hoang v. State*, 997 S.W.2d 678, 681 (Tex. App.—Texarkana 1999, no pet.) (footnotes omitted) (citations omitted).

No objection was made to this instruction. Generally, a claim that the trial court erred by commenting on the weight of the evidence during trial or while ruling on evidentiary matters must be preserved by objection before the appellate court may consider it. *Woods v. State*, 569 S.W.2d 901 (Tex. Crim. App. 1978); *Minor v. State*, 469 S.W.2d 579, 580 (Tex. Crim. App. 1971). A very similar issue has been discussed by the Corpus Christi court. In *Reyna*, the jury was instructed concerning the competency of a child witness.[3] Since no objection was made, the allegation was that the instruction was "plain error" and no objection was necessary. The Corpus Christi court found the alleged error was not preserved. *Reyna*, 797 S.W.2d at 192–93.

We note that there is some authority, albeit not binding authority, that a judicial comment can result in fundamental error, therefore not requiring an objection to preserve review, if the comment imparts information to the jury that taints the defendant's presumption of innocence. In *Blue v. State*, 41 S.W.3d 129, 133 (Tex. Crim. App. 2000), a plurality of the Texas Court of

---

[3]That instruction was:

> Now, ladies and gentlemen of the jury, you're in just as good of a position as I am. Although the law does require that before a witness testifies the witness must be competent. Now, this little witness—obviously, all of you are well aware that children are different. And the Court is going to rule that she will be allowed to testify because of the questions that I have asked. I don't want to accept totally that she is totally competent, obviously, she is very young. You're going to have to be the Judge and I'm going to allow her to testify but it is your responsibility and also your responsibility to determine the weight that you give to her testimony, okay?

*Reyna v. State*, 797 S.W.2d 189, 192–93 (Tex. App.—Corpus Christi 1990, no writ).

8

Criminal Appeals held that the judge's comments tainted the presumption of innocence and was fundamental error of constitutional dimension.[4]  Judge Keasler concurred in the result, reasoning that the judge's comments were "so egregious" that they violated the right to an impartial judge and resulted in structural error.  *Id*. at 139 (Keasler, J., concurring).  As a plurality decision, *Blue* is not binding precedent.  *Pearson v. State*, 994 S.W.2d 176, 177 n.3 (Tex. Crim. App. 1999). Since its decision in *Blue*, the Texas Court of Criminal Appeals has declined to either endorse or reject *Blue*'s discussion of fundamental error.  *See Brumit v. State*, 206 S.W.3d 639 (Tex. Crim. App. 2006); *Jasper v. State*, 61 S.W.3d 413, 421 (Tex. Crim. App. 2001) (holding comment did not rise to such a level as to bear on presumption of innocence or vitiate impartiality of jury and recognizing *Blue* was plurality decision); *Chanthakoummane v. State*, No. AP-75,794, 2010 Tex. Crim. App. Unpub. LEXIS 249 (Tex. Crim. App. Apr. 28, 2010) (mem. op., not designated for publication).  The judge's comment in this case does not taint the defendant's presumption of innocence or demonstrate impartiality.

The comment was neutral, was a substantially correct statement of the law, and explained that while competency to testify was an issue for the court, it also emphasized to the jury that credibility decisions were the province of the jury.  The comment did not prevent a fair and impartial trial.  Therefore, the error, if any, is not fundamental error and any complaint that the

---

[4]The plurality opinion was written by Judge Johnson and joined by Judges Mansfield, Price, and Holland.  *Blue*, 41 S.W.3d at 133.  Judge Mansfield also wrote a concurring opinion.  *Id*. at 133 (Mansfield, J., concurring).  Judges Keller, McCormick, and Womack dissented, asserting that an objection was required in order to preserve error.  *Id*. at 144 (Keller, J., dissenting).

trial court erred during its ruling on an evidentiary matter has been forfeited by failing to object at trial. *See* TEX. R. APP. P. 33.1; *Jasper*, 61 S.W.3d at 421; *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993).

## B. Jury Charge Error

Morgan argues this instruction should also be treated as a jury charge error and be evaluated under the *Almanza* test.[5] While it is not clear whether the instruction was delivered to the jury with the usual jury charge, it was in writing, signed by the trial judge, filed in the clerk's office, and file-stamped at the same time as the guilt/innocence jury charge; therefore, we will also address it under the *Almanza* standard. The first issue is whether the comment is jury charge error.

This instruction addressed the issue of the role of the trial court in ruling on the competency of witnesses to testify. It instructed the jury to disregard a question to a psychologist on this issue. Ultimately, the instruction made it clear that the jury had the exclusive right to evaluate the credibility of the witnesses, not the judge. The comment did not emphasize any particular statement or evidence presented by the witness; the witness had no opinion or answer to the question and the jury was instructed to disregard the question, not an answer of the witness. While this instruction may not have been necessary, we do not find that it was calculated to benefit the State or to prejudice the rights of the defendant. *See Becknell v. State*, 720 S.W.2d 526, 531

---

[5]*Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g).

(Tex. Crim. App. [Panel Op.] 1986); *Madrigal v. State*, 347 S.W.3d 809, 814 (Tex. App.—Corpus Christi 2011, pet. ref'd) (mem. op.).

Even if the comment/instruction was an erroneous jury charge instruction, since there was no objection, it is not reversible error unless it resulted in egregious harm. *Almanza*, 686 S.W.2d at 171. Egregious harm is shown if the very basis of the case is affected which deprives the defendant of a valuable right, vitally affects a defensive theory or makes the case for conviction or punishment significantly more persuasive. *Stuhler v. State*, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007). In making such determination, we examine the entire jury charge, the evidence, including contested issues and the weight of the probative evidence, the arguments of counsel, and any other relevant information. *Id.* Here, the evidence of guilt was significant, the victim identified Morgan, DNA tests made some connection, and physical evidence of the assault was presented. Nothing in the record indicates that the instruction deprived Morgan of any valuable right, affected a defensive theory, or made the case for conviction more persuasive. We find the instruction did not cause egregious harm.

For the reasons stated, we affirm the judgment of the trial court.


Jack Carter
Justice

Date Submitted:     April 2, 2012
Date Decided:       April 12, 2012

11

Publish