ACCEPTED
06-14-00199-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
1/15/2015 6:48:18 PM
DEBBIE AUTREY
CLERK

No. 06-14-00119-CR
Trial Court No. 10F-0084-005

IN THE COURT OF APPEALS
FOR THE SIXTH SUPREME JUDICIAL DISTRICT
AT TEXARKANA, TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
1/16/2015 2:52:00 PM
DEBBIE AUTREY
Clerk

**Steven Wayne Morgan,** *Appellant*

**v.**

**The State of Texas,** *State*

Appealed from the 5th Judicial District Court
Bowie County, Texas



BRIEF FOR THE STATE
The State Does Not Request Oral Argument

**Respectfully submitted:**

**Jerry D. Rochelle**
*Criminal District Attorney*
Bowie County, Texas
601 Main Street
Texarkana, Texas 75501

By: **Samantha J. Oglesby**
*Assistant Criminal District Attorney*
Bowie County, Texas
Texas Bar No. 24070362

**Attorneys for the State**

# In The Court of Appeals
## For the Sixth Supreme Judicial District
## At Texarkana, Texas

| | | |
|---|---|---|
| Steven Wayne Morgan, | § | |
| *Appellant* | § | |
| | § | No. 06-14-00199-CR |
| v. | § | |
| | § | |
| The State of Texas, | § | BRIEF FOR THE STATE |
| *State* | § | |
| | § | |

# Identity of the Parties

The following is a complete list of all the parties to the trial court's judgment as required by the provisions of Rule 38.2(a) of the Texas Rules of Appellate Procedure:

1. Defendant and Pro Se Appellant:

   **Steven Wayne Morgan**

2. Attorney for Appellant at trial:

   **Derric McFarland**
   Texas Bar No. 24048646
   P.O. Box 1048
   Texarkana, Texas 75504

3. Appellee

   **State of Texas**

4. Attorney for the State of Texas on appeal:

   **Samantha J. Oglesby**
   Assistant Criminal District Attorney
   Bowie County District Attorney's Office
   Texas Bar No. 24070362

601 Main Street
Texarkana, Texas 75501

5.  Attorney for the State of Texas at trial:

    **Kristian Young**
    Texas Bar No. 24027635
    210 North Stateline Avenue, Suite 502
    Texarkana, Arkansas 71854

6.  Presiding Judge at trial:

    **The Honorable Ralph K. Burgess**
    District Court Judge
    5th Judicial District
    Bowie County, Texas
    Bi-State Justice Building
    100 North State Line Avenue
    Texarkana, Texas 75501

# Table of Contents

Identity of the Parties and Counsel.................................................................................i-ii

Table of Contents.......................................................................................................iii

Index of Authorities.................................................................................................iv-v

Statement of the Case ................................................................................................ 1

Reply to Point of Error ............................................................................................. 2

Summary of the Argument ........................................................................................ 3

Argument .................................................................................................................4-8

      <u>Reply to Point of Error Number One</u> ........................................................4-8
      The trial court did not err by denying Appellant's request for additional
      DNA collection and analysis because Appellant failed to meet the statutory
      requirements of Chapter 64 of the Code of Criminal Procedure.

Prayer for Relief ....................................................................................................... 9

Certificate of Compliance........................................................................................ 10

Certificate of Service .............................................................................................. 11

# Index of Authorities

## Cases

*Bell v. State*, 90 S.W.3d 301 (Tex. Crim. App. 2002)...................................................... 5, 8

*Blacklock v. State*, 235 S.W.3d 231 (Tex. Crim. App. 2007) ........................................... 8

*Dinkins v. State*, 84 S.W.3d 639 (Tex. Crim. App. 2002)................................................. 6

*Holberg v. State*, 425 S.W.3d 282 (Tex. Crim. App. 2014) .............................................. 7

*Kutzner v. State*, 75 S.W.3d 427 (Tex. Crim. App. 2002)................................................. 7

*Rivera v. State*, 89 S.W.3d 55 (Tex. Crim. App. 2002)..................................................... 4

*State v. Swearingen*, 424 S.w.3d 32 (Tex. Crim. App. 2014) ........................................... 6

## Constitutions/Statutes/Rules

Tex. Code Crim. Pro. Art. 64.01 ................................................................................. 5, 7

Tex. Code Crim. Pro. Art. 64.03 ................................................................................ 5, 7-8

## Statement of the Case

Steven Wayne Morgan, hereinafter referred to as "Appellant," was convicted by a jury of the felony offense of Aggravated Sexual Assault of a Disabled Individual in the 5th Judicial District Court of Bowie County, Texas, the Honorable Ralph K. Burgess presiding.

The jury assessed Appellant's punishment at confinement for seventy-five years in the Institutional Division of the Texas Department of Criminal Justice, and the Judge sentenced Appellant accordingly.

Appellant then perfected appeal to this Honorable Court. This Court affirmed Appellant's conviction in *Morgan v. State*, 365 S.W.3d 706 (Tex. App. – Texarkana 2012, no pet.). A Petition for Discretionary Review was not filed. On December 21, 2012, Appellant filed an Application for Writ of Habeas Corpus which was subsequently denied without written order by this Court.

Appellant has since filed two requests for post-conviction DNA testing in the 5th Judicial District Court of Bowie County, Texas. He now appeals the order of the trial court denying Appellant's First and Second Motions for DNA Testing of Evidence Containing Biological Material in a single point of error.

1

# Reply to Point of Error

<span style="font-variant: small-caps;">Reply to Point of Error Number One:</span>

The trial court did not err by denying Appellant's requests for additional DNA collection and analysis because Appellant failed to meet the statutory requirements of Chapter 64 of the Code of Criminal Procedure.

# Summary of the Argument

REPLY TO POINT OF ERROR NUMBER ONE:

*The trial court did not err by denying Appellant's requests for additional DNA collection and analysis because Appellant failed to meet the statutory requirements of Chapter 64 of the Code of Criminal Procedure.*

The trial court did not abuse its discretion by denying Appellant's first and second requests for post-conviction DNA collection and analysis. Appellant's first request failed to include a supporting affidavit as required by Chapter 64 of the Texas Code of Criminal Procedure. The second request failed to specify the evidence to be tested and failed to establish the presence of biological material on evidence that was not previously subjected to DNA analysis. Additionally, Appellant's request would require additional evidence collection and consideration of new information not presented at trial in violation of Chapter 64. Finally, the motions and supporting affidavits fail to show by a preponderance of the evidence that exculpatory DNA results would have prevented Appellant's conviction. Therefore, the trial court did not err by denying Appellant's First and Second Motions for DNA Testing of Evidence Containing Biological Material.

# Argument

## Reply to Point of Error Number One

*The trial court did not err by denying Appellant's requests for additional DNA collection and analysis because Appellant failed to meet the statutory requirements of Chapter 64 of the Code of Criminal Procedure.*

### Argument and Authorities

### A. Standard of Review

When reviewing a trial court's decision on a motion for forensic testing, an appellate court employs a bifurcated standard of review.[1] Almost total deference is given to a trial court's determination of historical fact issues and application-of-law-to-fact issues that turn on credibility and demeanor.[2] However, other application-of-law-to-fact issues which do not turn on credibility and demeanor are reviewed *de novo*.[3] The ultimate question of whether a reasonable probability exists that exculpatory DNA tests would prove innocence is an application-of-law-to-fact issue that does not turn on credibility and demeanor and is therefore reviewed *de novo*.

### B. Application of Law to Facts

Appellant urges in a single issue that the trial court erred by denying his post-conviction motions for DNA testing. However, Appellant has failed to meet the requirements of Chapter 64 of the Texas Code of Criminal Procedure.

Under Texas Code of Criminal Procedure Chapter 64, a convicted person may move for post-conviction forensic DNA testing of evidence containing biological

---

[1] *Rivera v. State*, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002).
[2] *Id.*
[3] *Id.*

4

material.[4]    The convicting court may order forensic DNA testing only if the statutory preconditions of Chapter 64 are met.[5]    An appellant must submit a motion requesting testing of evidence that was secured in relation to the offense comprising the underlying conviction and was in the possession of the state during the trial but either was not previously tested or, although previously tested, can be tested with newer techniques which can provide more accurate and probative results.[6]    A convicting court may order testing if the evidence in question "(i) still exists and is in a condition making DNA testing possible; and (ii) has been subjected to a chain of custody sufficient to establish it has not been substituted, tampered with, replaced, or altered in any material respect; and identity was or is an issue in the case."[7]    Furthermore, the appellant has the burden of showing by a preponderance of the evidence that "the person would not have been convicted if exculpatory results had been obtained through DNA testing; and the request for the proposed DNA testing is not made to unreasonably delay the execution of sentence…"[8]

Appellant's first request for post-conviction DNA testing did not include a supporting affidavit as required by Chapter 64.[9] (C.R. p. 84 – 88).  Given that Appellant did not meet the statutory requirements of Chapter 64 in his first motion for DNA testing, the trial court did not err in denying Appellant's request.  On July 21, 2014, Appellant filed his second motion for post-conviction DNA testing along with two supporting

---

[4] Tex. Code Crim. Pro. Art. 64.01(a-1).
[5] *Bell v. State*, 90 S.W.3d 301, 306 (Tex. Crim. App. 2002).
[6] Tex. Code Crim. Pro. Art. 64.01(b).
[7] *Id*., art. 64.03(a)(1).
[8] *Id*., art. 64.03(a)(2).
[9] *See* Tex. Code Crim. Pro. Art. 64.01(a-1).

affidavits. (C.R. p. 98 – 100). However, Appellant's second motion also fails to meet the statutory requirements of Chapter 64.

First, Appellant has not indicated which items of evidence he seeks to have tested or that said items contain biological material. In order to meet the requirements of Chapter 64, the appellant "must *prove* that biological material exists and not that it is merely probable."[10] In *Dinkins v. State*, the Court of Criminal appeals considered an appellant's failure to specify the items to be tested in finding that the trial court did not err by denying a request for post-conviction DNA testing.[11] Here, Appellant's motion seeks retesting of "all" biological material collected in relation to this cause. (C.R. p. 92 – 93). Appellant has failed specify the items to be tested or to prove the existence of biological material collected in this case other than that which was previously subjected to DNA analysis.

Second, Appellant's affidavit makes conclusory statements that he believes "to the best of his knowledge" that "evidence" obtained in relation to this cause contains biological material; is in the possession of the state; and that it was not subjected to "adequate DNA testing." (C.R. p. 98). The evidence collected from the victim's sexual assault examination was previously tested for the presence of biological material. (R.R. Vol. II, p. 56, 58). Once biological material was located on the victim's penile swab, it was compared to the DNA samples given by both Appellant and the victim. (R.R. Vol. II, p. 62-64). Appellant has not adequately shown that the "evidence" was either not

---

[10] *State v. Swearingen*, 424 S.w.3d 32, 38 (Tex. Crim. App. 2014) (emphasis in original).
[11] *Dinkins v. State*, 84 S.W.3d 639, 642 (Tex. Crim. App. 2002).

6

previously tested or that new testing techniques are now available that would provide a reasonable likelihood of more accurate and probative results that the previous tests.[12] As such, the trial court did not err.

Next, a reviewing court may not consider post-trial evidence when deciding whether or not an appellant has met his burden of showing by a preponderance of the evidence that he would not have been convicted had exculpatory results been obtained through DNA testing.[13] Appellant submitted an affidavit of Joyce Hall with his second motion for DNA testing. (C.R. p. 99-100). In his brief and motions for DNA testing, Appellant argues that all biological material related to this cause should be retested based on new information provided in the affidavit of Joyce Hall. (C.R. p. 94-95). Because the information contained in Hall's affidavit was not presented at trial, neither the convicting court nor this Court may consider it in deciding whether Appellant has made an adequate showing that exculpatory DNA results would have prevented his conviction. Additionally, new evidence may not be collected and tested pursuant to Chapter 64. Only evidence "secured in relation to the offense that is the basis of the challenged conviction and was in the possession of the state during the trial of the offense" may be tested.[14] Appellant's request would require the collection of new evidence, a DNA sample from Joyce Hall. The trial court was correct in denying Appellant's request.

---

[12] *See* Tex. Code Crim. Pro. Art. 64.01(b).

[13] *Holberg v. State*, 425 S.W.3d 282, 285 (Tex. Crim. App. 2014)(citing *Kutzner v. State*, 75 S.W.3d 427, 439 (Tex. Crim. App. 2002) ("The language of Article 64.03(a)(2) and its legislative history…do not contemplate consideration of appellant's 'new' post-trial information."))

[14] Tex. Code Crim. Pro. Art. 64.01(b).

Finally, Appellant has failed to meet his burden of showing by a preponderance of the evidence that he "would not have been convicted if exculpatory results had been obtained through DNA testing."[15] A convicted person must show that he, more likely than not, would not have been convicted with exculpatory results – results "excluding [the convicted person] as the donor of this material…"[16] Appellant asserts in his motion and supporting affidavits that previous testing revealed an unknown individual's DNA on the penile swab from the victim. (C.R. p. 94-95, 98-99). However, the record reveals that Appellant's DNA cannot be excluded as a contributor to the DNA found on the swab. (R.R. Vol. II, p. 64; State's Exhibit 3). Contrary to Appellant's argument, a comparison of the DNA from the penile swab to the DNA of Joyce Hall would not exonerate Appellant. "The presence of another person's DNA at the crime scene will not, without more, constitute affirmative evidence of [A]pellant's innocence."[17] Because Appellant has failed prove by a preponderance of the evidence that exculpatory results would have prevented his conviction, the trial court did not error in denying his request for post-conviction DNA testing.

For these reasons, Appellant's sole point of error should be overruled.

---

[15] Tex. Code Crim. Pro. Art. 64.03(a)(2)(A).
[16] *Blacklock v. State*, 235 S.W.3d 231, 232 (Tex. Crim. App. 2007).
[17] *Bell*, 90 S.W.3d at 306.

8

# Prayer for Relief

**WHEREFORE, PREMISES CONSIDERED,** there being legal and competent evidence sufficient to justify the conviction and punishment assessed in this case and no reversible error appearing in the record of the trial of the case, the State of Texas respectfully prays that this Honorable Court affirm the judgment and sentence of the trial court below.

<div style="margin-left:50%">

**Respectfully Submitted:**

**Jerry D. Rochelle**
*Criminal District Attorney*
Bowie County, Texas
601 Main Street
Texarkana, Texas 75501
Phone: (903) 735-4800
Fax: (903) 735-4819


/s/ *Samantha J. Oglesby*

By: **Samantha J. Oglesby**
*Assistant Criminal District Attorney*
Bowie County, Texas
601 Main Street
Texarkana, Texas 75501
Phone: (903) 735-4800
Fax: (903) 735-4819

**Attorneys for the State**

</div>

## Certificate of Compliance

I, Samantha J. Oglesby, hereby certify that, pursuant to Rule 9.4 of the Texas Rules of Appellate Procedure, the State's Brief contains 1,598 words. This excludes the caption, identity of parties and counsel, table of contents, index of authorities, statement of the case, certificate of compliance, proof of service, and signature.

/s/ *Samantha J. Oglesby*
**Samantha J. Oglesby**

## Certificate of Service

I, Samantha J. Oglesby, certify that I have served a true and correct copy of the foregoing Brief for the State upon Steven Wayne Morgan, Pro Se Appellant, on this the 16th day of January, 2015.

/s/ *Samantha J. Oglesby*
**Samantha J. Oglesby**