

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-14-00199-CR

---

STEVEN MORGAN, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 5th District Court
Bowie County, Texas
Trial Court No. 10F00084-5

---

Before Morriss, C.J., Moseley and Carter,* JJ.
Memorandum Opinion by Justice Carter

---

*Jack Carter, Justice, Retired, Sitting by Assignment

## MEMORANDUM OPINION

Steven Morgan appeals from an order denying his motions for examination and DNA testing of physical evidence and his requests for the appointment of counsel and for a hearing.[1] Morgan was convicted of aggravated sexual assault of a disabled individual. He was sentenced to seventy-five years' imprisonment. His conviction and sentence were affirmed on direct appeal, and he did not file a petition for discretionary review.

At trial, DNA evidence was introduced showing that epithelial cells found in penile swabs of the victim contained DNA consistent with that of Morgan with a match of "1 in 1,352 ratio for Caucasians." *Morgan v. State*, 365 S.W.3d 706, 707 (Tex. App.—Texarkana 2012, no pet.). Additionally, the DNA of an unknown individual was also found through testing of the victim's penile swabs. Morgan now seeks DNA retesting of swabs and testing of bed sheets that he alleges are in the State's possession for the purpose of comparing DNA found on those items with the DNA of his girlfriend, Joyce Hall.

The trial court denied Morgan's first motion seeking DNA testing of Hall's DNA because the request was not for testing or retesting of evidence in the State's possession and because Morgan failed to include a sufficient supporting affidavit as required by Article 64.02 of the Texas Code of Criminal Procedure. See TEX. CODE CRIM. PROC. ANN. art 64.02.

Morgan's second motion, which is at issue in this appeal, included the affidavits of both Morgan and Hall and asked for complete DNA testing or retesting of "all biological material

---

[1]The State did not file the response mandated by Article 64.02 of the Texas Code of Criminal Procedure, which provides the trial court with information about the existence or condition of the evidence. See TEX. CODE CRIM. PROC. ANN. art. 64.02 (West Supp. 2014).

collected." Hall's affidavit, in summary, states that Hall asked Morgan to fulfill one of her fantasies—to watch her have sex with another person. He agreed and brought another man, but according to Hall, Morgan insisted on having sex with Hall first and then watched while the other man, the named victim in the underlying prosecution, engage in sexual intercourse with her.

Morgan argues that forensic DNA testing of Hall's DNA would establish that it matches that of the unknown individual referenced by the State's witness, conclusively establish the veracity of Hall's affidavit, and demonstrate Morgan's innocence of the charge that he engaged in anal sex with the victim in the underlying case.

The DNA statute provides for testing or retesting of biological material (defined as one of a number of body parts or secretions) in the possession of the State. TEX. CODE CRIM. PROC. ANN. art 64.01(a)(1) (West Supp. 2014). The statute expressly limits the scope of evidence that may be tested under its provisions to that "secured in relation to the offense that is the basis of the challenged conviction and was in the possession of the state during the trial of the offense." TEX. CODE CRIM. PROC. ANN. art. 64.01(b) (West Supp. 2014). Hall's DNA was not secured in relation to the offense that is the basis of the challenged conviction and was not in the possession of the State during the trial of the offense; thus, the DNA statute, on its face, does not permit the collection and testing of Hall's DNA as requested in Morgan's motion.[2]

---

[2]We also recognize that even if forensic DNA testing was performed and the unidentified DNA proved to be Hall's, it would show only that the three of them engaged in sex. That would not exclude the possibility that Morgan also engaged in a sexual act separately with the named victim.

Finally Morgan makes a general request that "all biological" material be retested. Morgan alleges that the previous testing was inadequate and that today's more advanced testing would produce different results. Aside from this pleading, Morgan has not demonstrated that additional testing of "all biological material" would produce different results than the original DNA tests.

Under these circumstances, we find that the trial court did not abuse its discretion by denying Morgan's motion for forensic DNA testing.

We affirm the trial court's order.


Jack Carter
Justice


Date Submitted:     February 6, 2015
Date Decided:       March 9, 2015

Do Not Publish